[L. A. No. 296. Department Two.—June 4, 1898.]

## JOHN H. WISE et al., Respondents, v. JOHN L. COLLINS, Appellant.

REPLEVIN FOR SHEEP—EVIDENCE—AGREEMENT RELATING TO OTHER SHEEP.— In an action of replevin to recover a band of sheep, in which a purchaser thereof from the original defendant was substituted as defendant, evidence of an agreement between plaintiffs and the original defendant with relation to another and distinct band of sheep, apparently not involved in the action, is inadmissible, as appearing to be irrelevant and immaterial; but any error in admitting the same in evidence is cured by subsequent testimony that the agent of plaintiffs called upon the original defendant and proceeded to separate that band from other sheep, but did not get them all, and that such defendant refused to let him have about two hundred of them, and that some of them were taken by the sheriff in the action. This testimony rendered proof of title to the other band of sheep proper and necessary.

ID.—PROOF OF OWNERSHIP.—Where the testimony on the part of the plaintiffs tended to show that the agreement made between plaintiffs and the original defendant was that plaintiffs should retain the

ownership of a band of sheep delivered to him until he either paid for them, or executed a chattel mortgage upon them and other sheep belonging to him, and that the mortgage was prepared and. forwarded to him, but that he refused to execute it, objecting to. the rate of interest charged, the evidence is sufficient to sustain the decision of the court that plaintiffs retained the ownership of the sheep.

ID.—PAROL EVIDENCE—DRAFT OF CHATTEL MORTGAGE—ADMISSIONS.—A draft of a chattel mortgage prepared by the plaintiffs to be executed by the original defendant, but not executed, is not a written instrument within the rule that oral testimony is not admissible to vary its meaning; but its statements coming from the plaintiffs were merely admissions on their part which were subject to explanation, equally with like verbal admissions.

ID.—DEPOSITION—MISNOMER OF WITNESS—INDORSEMENT BY NOTARY—PRESUMPTION UPON APPEAL.—Where the notice of the taking of a deposition and the certificate of the notary thereto were not set out in the record upon appeal, the indorsement of the notary on the back of the envelope, showing a misnomer of the witness whose deposition was taken, is extraofficial, and forms no part of the document, and cannot be considered; and it must be presumed upon appeal in favor of the judgment that the notice and certificate were in due form, and stated the name of the witness correctly.

ID.—MORTGAGES TO THIRD PARTIES—VIOLATION OF AGREEMENT.—Mortgages executed by appellant's assignor to third parties were admissible in evidence as tending to show a violation of his agreement with the plaintiffs.

ID.—JUDGMENT AGAINST SUBSTITUTED DEFENDANT—PURCHASE CUM ONERE.— When, after suit brought, appellant, with full notice, became the purchaser of the sheep from the original defendant, and procured himself to be substituted as a defendant in the cause, he took the place of the original defendant *cum onere*, and the judgment in favor of the plaintiffs for the recovery of the sheep or of their value, if delivery could not be had, was properly entered against him.

APPEAL from a judgment of the Superior Court of Inyo County and from an order denying a new trial. W. D. Arnot, Judge.

The facts are stated in the opinion.

P. W. Bennett, and P. H. Mack, for Appellant.

Walter A. Lamar, and D. H. Whittemore, for Respondents.

SEARLS, C.—Action of replevin to recover two thousand four hundred sheep, or for two thousand five hundred dollars,

the value thereof, in case a delivery cannot be had.   The cause was tried by the court without a jury.   Written findings were waived.   Plaintiffs had · judgment for possession of eighteen hundred and twenty sheep, and if a delivery could not be had, for seventeen hundred and forty dollars, etc.   John L. Collins, one of the defendants, appeals from the judgment and from an order denying his motion for a new trial.

The first point urged in favor of reversal is based upon a ruling of the court admitting in evidence an agreement between plaintiffs and Bertrand Rhine, assignor of defendant Collins, in reference to a band of sheep called the "Rodriguez sheep."

The substance of this agreement is that Christy & Wise transfer to Rhine a band of sheep consisting of nineteen hundred ewes and seven hundred lambs, more or less, at one dollar and fifty cents per head, Christy & Wise to retain the ownership thereof until they were paid for.   Rhine was to run the sheep at his own expense and dispose of them, and all moneys above the cost price of one dollar and fifty cents per head realized therefrom to be divided, sixty per cent to Rhine and forty per cent to plaintiffs. This agreement was dated April 27, 1894, and is a part of a deposition of Harry E. Wise, one of the plaintiffs, taken in the case. Immediately following the agreement the witness stated in his deposition as follows: "The sheep mentioned in this agreement are not involved in the suit of Christy & Wise against Bertrand Rhine."

At the trial counsel for defendant moved to strike out all the testimony in regard to the Rodriguez sheep upon the ground that the same is irrelevant and immaterial.   The court denied the motion, and the ruling is assigned as error.   This ruling was clearly erroneous.   If the Rodriguez sheep were not involved in the action, all testimony in reference to them was clearly irrelevant and immaterial to the issues of the case.   The error was cured, however, by the later testimony in the case, from which it appeared that in May, 1895, John F. Maio, the agent of plaintiffs, called upon Rhine and proceeded to separate from other sheep the Rodriguez band; that he got about eleven hundred grown sheep and seven hundred sucking lambs.   Subsequently, he found there were some of the band he had not secured, whereupon he returned and got an order from Mrs. Rhine for the re-

mainder and parted out say one hundred, when Rhine came and refused to let him have them. Maio further stated that there were from one hundred to two hundred of the band which he did not get, and that some of them were taken by the sheriff in this action. This testimony rendered proof of title to the Rodriguez band of sheep both proper and necessary.

2. The important contention in the case relates to another band of sheep known as the Caetano band and consisting of some two thousand. These sheep were owned by M. J. Caetano of Merced, in the county of Merced. He was largely indebted to plaintiffs, wool buyers of San Francisco.

Bertrand Rhine was in the sheep business and owned some fifteen hundred, which he was pasturing in the county of Inyo. Rhine was desirous of procuring more sheep and applied to plaintiffs, with whom he was doing business, to aid him in procuring them. The latter arranged with Caetano to turn over to Rhine two thousand of his band at one dollar and fifty-five cents per head, which was done.

The testimony on the part of plaintiffs tends to show that their agreement with Rhine was that plaintiffs should retain the ownership of the sheep until Rhine either paid for them or gave them a chattel mortgage on the band and also upon the fifteen hundred owned by said Rhine. A mortgage was prepared by plaintiffs and forwarded to Rhine, which he refused to execute, giving as a reason that the interest provided for therein was too high. We think the evidence was quite sufficient to sustain the theory of plaintiffs to the effect that they retained the ownership of the sheep, and the court so held. Appellant John Collins took an assignment of the sheep from Rhine after suit brought and was substituted as a defendant in place of Rhine.

Several objections were taken to testimony in explanation of expressions used in the chattel mortgage. These were based upon the theory that oral testimony was not admissible to vary the meaning of a written instrument. The answer to this is, that the document, not having been executed, was in no proper sense a written instrument within the purview of the rule invoked. Its statements, coming from the plaintiffs, were admissions on their part which were subject to explanation equally with like verbal admissions.

The deposition of Alice Simpson Houston, taken on behalf of the plaintiffs at San Francisco, was offered in evidence and objected to by counsel for defendant upon the ground that the record shows that the deposition of F. K. Houston was taken. A motion was also made to strike out the deposition after it was admitted in evidence, which was denied and the ruling excepted to. In support of his contention on this point appellant cites *Dye v. Bailey,* 2 Cal. 383, and *Smith v. Westerfield,* 88 Cal. 375.

The facts as they appeared at the trial are as follows: The clerk of the court was called upon and produced the deposition, which was contained in a sealed package, and which he stated he received by United States mail. Upon the package was the following indorsement: "In the Superior Court of the State of California, in and for the county of Inyo. John H. and Harry E. Wise, plaintiffs, vs. John L. Collins et al., defendants. Deposition of F. K. Houston, a witness produced, sworn, and examined on behalf of plaintiff, taken, sealed up, and deposited in the U. S. mail at San Francisco, on the 6th day of November, 1895, by myself, Lee D. Craig, a notary public in and for the city and county of San Francisco, State of California. Registered December 6, 1895, San Francisco, street K, No. 18244, and addressed to Hon. D. J. Hession, county clerk, Independence, Inyo county, California. Filed December 10, 1895. D. J. Hession, clerk."

The clerk then opened the package, which contained the deposition. It is headed as follows: "Deposition of Alice Simpson Houston." It proceeds as follows: "My name is Alice Simpson Houston, widow of Frank K. My business is stenographer and typewriter. I am employed with Christy & Wise, wool merchants, and have been so employed for six years last August." The witness then proceeds to give important testimony for plaintiffs in reference to the agreement made between plaintiffs and Rhine as to the Caetano sheep. It is conceded that her deposition was signed "Alice Simpson Houston." Neither the notice under which the deposition was taken nor the certificate of the notary thereto is set out in the record.

The court also permitted plaintiffs to prove, against the objection of defendant, that Mrs. Alice Simpson Houston and Mrs.

F. K. Houston were one and the same person; that in the office where she was employed she usually went by the name of Mrs. F. K. or Mrs. Frank K. Houston, but that she always signed her name as Alice Simpson Houston. The contention of appellant would be sound and the consequence fatal to the judgment were it supported by the record, but it is not.

The notice of taking the deposition and the certificate of the notary thereto not being set out, we must, in favor of the judgment, presume they were in due form and described the witness by her true name of Alice Simpson Houston. The indorsement on the envelope inclosing the deposition formed no part of that document. Section 2032 of the Code of Civil Procedure requires the deposition, after being certified, to be inclosed in an envelope or wrapper, sealed and directed to the clerk of the court in which the action is pending, etc. All else is extraofficial and can neither add to nor detract from the validity or authenticity of the deposition. It follows that the deposition was, so far as appears, properly admitted in evidence. The mortgages executed by Rhine to third parties upon the sheep were admissible in evidence as tending to show a violation of his agreement with the plaintiffs.

When, after suit brought, appellant with full notice became the purchaser of the sheep from Rhine and procured himself to be substituted as a defendant in the cause, he took the place of said Rhine *cum onere,* and the judgment for the recovery of the sheep, or of their value if delivery could not be had, was properly entered against him. Beyond this and the costs the judgment did not go. There are a few other points made on the appeal, but they do not call for comment.

We recommend that the judgment and order appealed from be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.