MEIER & FRANK CO. v. SABIN.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1914.)

No. 2369.

1. SALES (§§ 460, 465*)—CONDITIONAL SALES—VALIDITY.
   Since there is no statutory provision in Oregon requiring the filing or recording of conditional sales nor that they be in writing, they may be verbal, if otherwise valid under the statute of frauds, and sufficiently definite and certain to comply with the ordinary rules of contract.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1348, 1353; Dec. Dig. §§ 460, 465.*]

2. BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALES —VALIDITY—DEFINITENESS.
   Where a conditional contract for the sale of certain restaurant furniture recited that the property sold was described in the list attached, marked Exhibit A, but no list was attached, nor was the property otherwise identified in the agreement, and the invoice of the account kept by the seller on cards was nowhere identified as showing the goods intended to be covered by the agreement, it was invalid and subject to vacation at the instance of the buyer's trustee in bankruptcy exercising the rights of a lien creditor as authorized by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500).
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

3. SALES (§ 476*)—CONDITIONAL SALE CONTRACT—TERMINATION.
   Where a contract of conditional sale purported to reserve title to goods sold to the amount of $1,500, and goods to that amount were sold, delivered to the buyer, and paid for, the contract was thereby discharged, and the seller, by virtue thereof, had no claim against goods of a similar character thereafter sold and delivered to the buyer without reference to the contract.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1407–1410; Dec. Dig. § 476.*
   What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

Appeal from the District Court of the United States for the District of Oregon; Chas. E. Wolverton, Judge.

Bill by R. L. Sabin, as trustee in bankruptcy of the Italian Restaurant Company, against the Meier & Frank Company, to determine the trustee's right in certain personal property in its possession, to remove a cloud on such title, and to restrain defendant from levying on the property, or in any manner interfering therewith, and from prosecuting certain suits to recover the same. Judgment for complainant, and defendant appeals. Affirmed.

Joseph & Haney and B. H. Goldstein, all of Portland, Or., for appellant.

Sidney Teiser, of Portland, Or., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is a bill to determine the rights of the appellant to certain personal property in the possession of the ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

pellee as trustee in bankruptcy of the Italian Restaurant Company, a corporation, which, previous to its bankruptcy, had been conducting the business of a restaurant in the city of Portland, state of Oregon. In disposing of the assets of the bankrupt corporation by the trustee, the appellant interposed an adverse claim to certain property in the possession of the trustee. The matter came before the referee in bankruptcy, and a hearing was had, but the appellant filed no reclamation petition, and upon a ruling by the referee that the title had passed, and that there was no conditional contract of sale out against the property, he directed the trustee to sell it. Thereupon the appellant brought suit against the trustee in the state court to recover the property. In the lower court the trustee claimed that, by the proceedings before the referee, the question of appellant's claim of title to the property had become res judicata. The court held that the evidence was not sufficient to establish such a judgment. As no appeal was taken from this feature of the court's judgment, that question is not before this court.

The property in controversy consists of furnishings, furniture, crockery, utensils, and other articles used in a restaurant. Appellant's claim of title was based originally upon a written agreement, dated November 26, 1912, wherein the appellant, as seller, agreed for the consideration of $1,500 to sell and transfer to the Italian Restaurant Company certain personal property described in a list which it was recited in the agreement was attached and marked Exhibit A. It was provided in the agreement that $750 of the consideration should be paid upon the execution and delivery of the contract, and the balance in monthly payments of $100, and that the title to the property should remain in the seller until each and all of the payments mentioned should have been made by the purchaser. The sale, if valid, was a conditional sale, but no list or exhibit of the property was attached to the agreement, nor was the property otherwise identified in the written agreement. There is evidence tending to prove that it was not the intention of the parties to attach a list to this contract, but that the contract should cover such goods as might be bought by the restaurant company from Meier & Frank Company in furnishing and fitting up the restaurant. There is also evidence that the total value of the goods and merchandise sold and delivered to the restaurant company amounted to $3,129.33, and that payments on the account had been made amounting to $1,564.60. The court below found the identification of the property was too indefinite and uncertain to constitute a conditional sale of any property in the possession of the trustee.

[1] There is no statutory provision in the state of Oregon requiring the filing or recording of conditional sales; nor are they required to be in writing. If otherwise valid under the statute of frauds, they may be verbal; but there is no relaxation of the rule requiring certainty in the terms and subject of the contract. Gregory v. North Pacific Lumber Co., 15 Or. 447, 452, 17 Pac. 143; Lee v. Cole, 17 Or. 559, 561, 21 Pac. 819; Flanagan Bank v. Graham, 42 Or. 403, 418, 71 Pac. 137, 790; Ayre v. Hixson, 53 Or. 19, 31, 98 Pac. 515, 133 Am. St. Rep. 819, Ann. Cas. 1913E, 659; Pomeroy's Equity Jurisprudence,

§ 1235. The finding of the court below must therefore stand, unless it is clearly erroneous.

[2] Section 8 of the act of June 25, 1910, amending section 47 of clause 2 of the act of 1898 (36 Stat. 840), provides that "such trustee, as to all property in the custody * * * of the bankruptcy court, shall be deemed vested with all rights, remedies, and property of a creditor holding a lien by legal or equitable proceedings thereon." Under this provision of the statute the trustee is not limited to such objections to a transaction between the bankrupt and a creditor as the bankrupt might have had, but he may make any objection that a creditor holding a lien might make. An agreement, therefore, which prior to this amendment would have been valid between the parties, may not be valid as against the trustee.

As has already been stated, the written agreement recites that the property sold was described in the list attached and marked Exhibit A; but no list was attached, nor was the property otherwise identified in the agreement. As the agreement stands, it is therefore meaningless and without effect; but it is possible that the bankrupt might not be permitted to make this objection if it were shown that the bankrupt had received the goods and had identified them by taking them into possession. But the trustee in bankruptcy, standing in the shoes of the bankrupt, with all the rights, remedies, and powers of a lien creditor with respect to all property in the custody of the bankrupt court, occupies a different position. He must carefully scrutinize all claims to property coming into his possession and maintain the custody of the court until a superior right of possession to the specific property is clearly established; and when such right is claimed to rest in an agreement between the bankrupt and the person claiming title, as under a conditional sale, the identification of the property must appear in the agreement. This identification, as we have seen, was not in the written agreement in this case, but, to meet this obviously necessary requirement, the appellant claims that there was a verbal identification of the property; that the sum of $1,500 was the estimated value of the goods to be delivered as required until the restaurant had been completely furnished and outfitted; that, as deliveries were made, the goods were to be invoiced and the invoices attached to the agreement; that the true consideration was to be the total purchase price of all such goods as were fixed and determined by the invoices. But, as no invoices were attached to the agreement, the claim is made that the goods sold were identified by the account kept by the appellant on indexed cards. A transcript of what purports to be an account on indexed cards is in the record, but there is no identification of the goods on these cards as the goods intended to be referred to in the agreement. The agreement is dated November 26, 1912. The index cards contain items charged in November and December, 1912, and January and March, 1913. It is clear that these charges are not identified by the agreement.

[3] It is further objected by the trustee that, even if the property has been sufficiently identified, the contract is no longer available to the appellant in support of a claim of title to it; that the contract of

conditional sale was for goods to the amount of $1,500; that this amount was the actual value of the purchase and the real consideration for the agreement; that goods to this amount were sold and delivered to the purchaser and were paid for, and the contract thereby discharged; that the title to such goods became thereupon vested in the purchaser. To this title the trustee in bankruptcy succeeded by virtue of the adjudication of bankruptcy. The remainder of the goods sold and delivered to the purchaser was in excess of the contract price of $1,500, and the sale thereof outside of the contract of conditional sale. These goods were therefore sold and delivered unconditionally, and the title thereto passed to the purchaser at the time of the sale, and by the bankruptcy proceedings the title to these goods became vested in the trustee in bankruptcy.

We are of the opinion that this last objection to appellant's claim of title to the property in controversy should be sustained, as well as the first objection.

The decree of the court below is affirmed.