## SHOOK v. LEVI.

### In re FARMERS' DAIRY ASS'N.

(Circuit Court of Appeals, Ninth Circuit. March 5, 1917.)

No. 2868.

1. BANKRUPTCY ☞140(1)—POSSESSION OF PROPERTY BY TRUSTEE—ACTIONS—EVIDENCE—SUFFICIENCY.

In a proceeding to compel a trustee to return property found in possession of a bankrupt, on ground that title had not passed and the sale was conditional, evidence *held*, in view of the minutes of the bankrupt corporation as to the purchase, to warrant a finding that the sale was only conditional, and that title did not pass.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199.]

2. CORPORATIONS ☞426(10)—PRESIDENT—POWERS OF—RATIFICATION.

Where a corporation took possession of, and exercised rights of ownership over, horses purchased by its president, it thereby ratified the president's purchase, and estopped itself to deny his authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1702, 1704, 1714.]

3. SALES ☞479(7)—CONDITIONAL SALES—BURDEN OF PROOF.

One claiming that a sale is conditional has the burden of proving it by a preponderance of the evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1427.]

4. SALES ☞460—CONDITIONAL SALES—STATUTES.

In the absence of statute, a conditional sale may be verbal.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1348.]

5. SALES ☞479(7)—CONDITIONAL SALES—NOTE.

The acceptance of notes for the balance due on the purchase price of chattels is not conclusive evidence that the sale was absolute, and not conditional, although it is a fact to be considered in determining the question.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1427.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Ben. F. Bledsoe, Judge.

In the matter of the bankruptcy of the Farmers' Dairy Association. Proceeding by A. Levi against A. M. Shook, trustee in bankruptcy, to require the return of property. From an order and judgment of the District Court (234 Fed. 118), on petition for review of the order of the referee, directing the return of the same, the trustee appeals. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The appellant is trustee of the Farmers' Dairy Association, a bankrupt. As such trustee he came into possession of nine head of horses, which he claims title to as an asset of the bankrupt's estate. On September 13, 1915, A. Levi, the appellee, filed in the court below a petition claiming the legal title to the horses, and praying that they be adjudged to be his property. The basis of his claim is that prior to the time that the Dairy Association came into the possession of the property he was the absolute owner, that he sold the same to the association by conditional sale, the title not to vest until the full purchase price was paid by the association, and that promissory notes were given appellee for such balance of the purchase price as remained unpaid. Issue being joined, trial was had before the referee in bankruptcy, resulting in an order and judgment in favor of the appellant that he was owner of the horses. From this judgment a review was taken to the District Court, which held that the transaction had between the parties respecting the horses did not constitute a conditional sale, but that, under the circumstances, the only fair and equitable thing to do was to hold that the petitioner was still the owner of the horses, and that the bankrupt corporation was entitled to a return of so much of the purchase price as had been paid thereon, less such sum, not to exceed the amount paid, as would reimburse the petitioner for the reasonable value of the use of the horses during the time that they were in possession of the bankrupt. Order and judgment having been entered accordingly, the trustee prosecutes review to this court.

A. L. Wissburg, of San Diego, Cal., for appellant.

James E. O'Keefe, of San Diego, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. [1] The question presented is largely one of fact. A brief statement of the evidence is to be found in the record, and from this it must be determined whether the alleged sale was absolute or conditional only. Manifestly the horses were contracted to be sold to the dairy association by piecemeal; that is to say, two at one time, two at another, and the remaining five at still another. The principal negotiations seem to have been had between the appellee and N. J. Peavy, who was president of the association, and as the evidence indicates was at certain times during "said period" manager thereof. Peavy relates that he and the appellee negotiated for the sale and purchase of two of the horses, and that they were sold to the association; that Levi stated at the time, and witness "understood, that title to the horses was to remain in seller until the purchase price therefor had been paid"; and that promissory notes representing the purchase price were given by the association. Later a like understanding was had with respect to two other horses, and still later with respect to the remaining five.

The appellee confirms the testimony of Peavy, and other witnesses, among whom were two of the directors of the association, corroborate both in part. There is nothing in the record in disparagement of this testimony, except that the property was thereafter treated by the association as an asset thereof, and further the minutes of the board of directors of the association show that four of the horses were purchased by it, the terms stated therein being that they were purchased at a consideration named, one-half due in six months, one-fourth in nine months, and the balance in one year, without mentioning that the pur-

chase was conditional upon the payment of the purchase price. As to the remaining five the minutes appear to be silent. The minutes further show that certain payments had been made towards the purchase price of the horses. All negotiations touching the sale of the horses were by word of mouth, except the giving of the notes for the purchase price.

A careful survey of the testimony can lead to but one conclusion, and that is that there was a verbal conditional sale of the horses by the appellee to the Dairy Association, the legal title to remain in appellee until the property was paid for, and that no title passed to the association by reason of its not having paid the purchase price. If it be argued that it has not been shown that the president of the association was authorized to make the purchase in behalf of the association, it may'be answered that as to part of the horses there was a ratification of the purchase by action of the board of directors. True, the statement of the terms of purchase in the minutes does not correspond wholly with the terms as claimed by the appellee. But the minutes should be read in the light of the entire evidence, and, when so read, they must, where seemingly contradictory, give way to the true intention of the parties, which we believe was truthfully indicated by the testimony of Peavy and the appellee.

Serrano and Kimball, two of the directors of the association, say that the matter—that is, the contract between Peavy and the appellee—was brought to the attention of the board of directors, and that they took action on it.

[2] As to the remaining horses, the association assumed the possession and used them, and treated them as if it were the owner, and thus it has ratified the purchase by its own acts, or perhaps, more correctly speaking, it has estopped itself to deny the authority of its president to contract for it.

[3] In coming to this conclusion, we apply the rule which places upon the party who affirms that the sale is conditional the burden of proving it by a preponderance of the evidence. In re Leeds Woolen Mills (D. C.) 12 Am. Bankr. R. 136, 148, 129 Fed. 922. We apply, also, the following principles supported by adjudications:

[4] A verbal contract for the sale of personal property, when the seller retains the legal title, conditional upon full payment of the purchase price, is valid, if not otherwise in contravention of the statute of frauds. Meier & Frank v. Sabin, 214 Fed. 231, 130 C. C. A. 605. The doctrine seems to be recognized in California. Wise v. Collins, 121 Cal. 147, 53 Pac. 640.

[5] Nor is the acceptance of notes for the balance remaining due of the purchase price conclusive evidence that the sale was absolute, and not conditional. The fact is but a circumstance in determining the nature of the contract. Van Allen v. Francis, 123 Cal. 474, 56 Pac. 339; Perkins v. Mettler, 126 Cal. 101, 58 Pac. 384.

The order and judgment of the District Court is as favorable to appellant as he could expect.

Affirmed.