WILLIAM BARTHOLOMEW, Respondent, *v.* EDWIN BARTON, Appellant.

Supreme Court, Schoharie County, April, 1923.

Chattel mortgage — note given for purchase price of horses — note construed as a conditional sale as to horses and as a chattel mortgage as to other property mentioned on its face.

The owner of a bay mare, a mowing machine, a lumber wagon, a new hay rigging and five tons of hay purchased of plaintiff a sorrel horse called " Dan " and a bay mare known as the " Sitzer " mare for all of which he agreed to pay $250. A writing executed by the purchaser providing for the payment to the seller or his order the amount of the purchase price, after specifically reciting the property purchased and also that owned by the purchaser at the time of the sale, contained an express condition that the delivery of said chattels to the purchaser was such that the title, ownership or possession thereof did not pass from the seller until the note with interest was paid in full. The seller by the agreement was given full power to declare the note due and take possession of the chattels at any time he might deem himself insecure, and was authorized by the said agreement, in case of default in payment or he should deem himself insecure, to enter upon the premises of the purchaser and after taking possession of the chattels to sell the same either at public or private sale and in case the proceeds failed to satisfy the note the purchaser would pay the balance due thereon. In the note, a copy of which was filed in the town clerk's office of the town in which the purchaser then resided, he represented that he was solvent and that the property therein mentioned was free and clear of all liens and incumbrances. In this situation the purchaser gave to defendant a chattel mortgage upon all the property described in the note except the team he had bought of plaintiff. After the purchaser had made a payment of $10 on the note while it was held by one to whom plaintiff had transferred it, the note was reassigned to plaintiff and though he at the time of the sale in foreclosure of the chattel mortgage given to defendant forbade the sale, defendant bid in the property and took possession of the same. Upon the trial of an action in Justice's Court it was shown that plaintiff had received $125 for the horse called " Dan;" that the " Sitzer " mare had died, and after applying the $10 paid on the note there was a balance of $131 for which amount a judgment was rendered in favor of plaintiff upon the verdict of the jury. This balance was less than the value of the property seized by defendant as proved on the trial. Upon affirming the judgment, *held*, that so far as the note concerned

the team of horses sold by plaintiff it was a contract of conditional sale, but as to the only property in dispute, that owned by defendant's chattel mortgagor at the time he purchased the team of horses from plaintiff, the note was a chattel mortgage.

APPEAL from a judgment of Justice's Court in favor of the plaintiff and against the defendant for the sum of $131 damages and costs.

The county judge, being disqualified by reason of relationship to one of the parties, certified the appeal to the Supreme Court.

*Clyde H. Proper*, for appellant.

*F. Walter Bliss*, for respondent.

NICHOLS, J. On June 27, 1921, one Frank Schell purchased of the plaintiff, Bartholomew, a team of horses, one being a sorrel horse called Dan, and the other a bay mare known as the Sitzer horse, for which team he agreed to pay the sum of $250. At the time of said purchase, the said Schell also owned a bay mare eleven years old called the Rose mare, a Walter A. Wood mowing machine, a lumber wagon, hay rigging and five tons of hay. To secure the payment to Bartholomew of the purchase price of the team so purchased, $250, Schell on that day executed an agreement in writing which provided for the payment to said Bartholomew, or order, the said sum of $250 which recited as follows: " In one sorrel horse called Dan one bay horse known as the Sitzer horse (being the horses sold by Bartholomew to Schell) one bay mare eleven years old known as the Rose mare one mowing machine (Walter A. Wood) one lumber wagon new hay rigging and five tons of hay." The said agreement contained a condition: " The express condition of the delivery of said chattels to the undersigned are such that the title, ownership or possession does not pass from said William Bartholomew until this note and interest is paid in full; that the said William Bartholomew has full power to declare this note due and take possession of said chattels at any time he may deem himself insecure, even before the maturity of this note. And I do hereby authorize the said William Bartholomew, his agents or assigns, to enter upon my premises at any time for the purpose of taking possession of said property if default shall be made in the payment, or he shall deem himself insecure and after taking of said property he may sell the same at private or public sale, at his option, and in case the property so sold shall fail to satisfy this note, I agree to pay the balance." Then followed conditions waiving notice of sale and of any damages caused by Bartholomew in entering the premises to take possession of the property and agreeing to pay all expenses incurred in collection

of the note; and the further condition that if any attempt was made to remove the property from the county the note should become due at once; then follows another statement as follows: " I hereby represent that I am solvent and owner of personal property and that the property mentioned in this note is free from all other liens and incumbrances." And at the end thereof, the statement: " I acknowledge having received a copy of this note." The note was signed by Frank M. Schell who gave his address as Wright, and was witnessed by Harriet Bartholomew. A copy of the note was filed in the town clerk's office of the town of Wright, July 1, 1921, in which town Schell then resided.

On August 31, 1921, the said Frank M. Schell executed to Edward Barton a chattel mortgage upon all the property described in the foregoing note, except the team which Schell had purchased of Bartholomew. Afterwards, Bartholomew transferred this note to one Horton, and while Horton owned the note Schell paid ten dollars upon it; thereafter, Horton reassigned the said note to Bartholomew.

On November 28, 1921, Barton foreclosed his chattel mortgage against Schell and took possession of the property described in the said note, except the team purchased of Bartholomew and not included in the property covered by said chattel mortgage; a sale was had, and at the time of the sale Bartholomew forbade the sale; Barton bid in the property and took possession of same, whereupon this action was brought by Bartholomew against Barton. Upon the trial it was shown that Bartholomew had received $125 for the horse called Dan and that the Sitzer mare had died; after applying the $10 paid to Horton on the note, left a balance of $131 due to Bartholomew upon this note, and for which amount the jury rendered a verdict in Bartholomew's favor.

So far as the team of horses sold by Bartholomew to Schell were concerned, this note was clearly a conditional sale. *Tweedie* v. *Clark,* 114 App. Div. 296. However, no question arises with reference to the distinction in taking property transferred by a conditional sale and property covered by a chattel mortgage, because the team of horses sold by Bartholomew to Schell was not included in Barton's mortgage, and the only property in dispute was the property which Schell owned at the time he purchased this team of horses of Bartholomew and the description of which he inserted in the note; as to that property, the instrument was a chattel mortgage and was so understood by Schell, he having warranted in the note as follows: " And that the property mentioned in this note is free and clear of all liens and incumbrances," showing that he recognized that he had given Bartholomew a lien or incumbrance upon this personal property. And he further

provided in said note the manner in which said lien might be enforced and foreclosed and the circumstances under which a foreclosure might be had.

Had Schell given a conditional sale contract for the horses, and a chattel mortgage in another instrument upon the property in suit to secure the conditional sale, there would be no question but that the chattel mortgage would have been valid, because in this note Schell agrees to pay any deficiency remaining upon a sale of the property which did not satisfy the note. There can be no reason, therefore, why the two instruments cannot be combined in one as was done in this case.

The conditions which the statute imposes upon taking of property covered by a conditional sale contract does not apply to chattel mortgages, and, therefore, the question as to whether certain of the conditions in this contract relative to taking of the team of horses being avoided by the statute (*Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396), does not apply to this case where the horses were surrendered to Bartholomew, at least the living one, and a sale had by Bartholomew, as all that he claimed against Barton is the balance of the note after the application of the amount received for the horse and all payments received on the note. This balance was less than the value of the property seized by Barton as proved upon the trial.

The judgment of the Justice's Court is affirmed, with costs.

Judgment affirmed.