## WEEKLEY v. OIL WELL SUPPLY CO.

### In re FLINT & STROTHER CO.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1926.)

#### No. 2437.

Bankruptcy ⊕═212—Creditor must support by proof his claim of lien, though asserted in formal proof of claim (Bankruptcy Act, §§ 57d, 57e [Comp. St. § 9641]).

Creditor of bankrupt must support by proof his claim of lien on property in trustee's possession, though he asserted it in sworn proof of secured debt, instead of intervening petition, as is preferable; such formal proof being under Bankruptcy Act, § 57d (Comp. St. § 9641), prima facie evidence only of the debt, and the reference therein to security being required only as a basis for determining, under section 57e, the extent to which secured creditors may participate in the proceedings of creditors.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States, for the Northern District of West Virginia, at Clarksburg; William E. Baker, Judge.

In the matter of the Flint & Strother Company, bankrupt. On petition of Harvey H. Weekley, trustee of the bankrupt estate, to superintend and revise, in matter of law, an order of the District Court holding the Oil Well Supply Company entitled to a fund as having the lien of a chattel mortgage. Reversed.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

James M. Guiher, of Clarksburg, W. Va., (Steptoe & Johnson, of Clarksburg, W. Va., on the brief), for petitioner.

E. B. Templeman, of Clarksburg, W. Va. (George M. Hoffheimer, of Clarksburg, W. Va., on the brief), for respondent.

PARKER, Circuit Judge. This is a petition of the trustee in bankruptcy of the Flint & Strother Company to superintend and revise in matter of law an order of the District Court holding respondent, Oil Well Supply Company, entitled to a fund in the hands of the trustee in bankruptcy derived from the sale of certain machinery, which passed into the hands of the trustee, and upon which the Oil Well Supply Company claimed the lien of a chattel mortgage. The Flint & Strother Company, prior to its adjudication of bankruptcy, had been engaged in drilling oil and gas wells in West Virginia; and there passed into the hands of petitioner, as its trustee, certain oil and gas drilling tools, which he sold under order of court, realizing from such sale the sum of $2,626, which is the fund in controversy in this proceeding.

The facts with regard to the claim of respondent are that more than five years prior to the bankruptcy proceedings the Flint & Strother Company executed to it a chattel mortgage or deed of trust on two "strings" of tools in Harrison county to secure an indebtedness of $7,500. The company filed a proof of secured debt for this amount, and claimed as security a lien on the tools in the possession of the trustee in bankruptcy by virtue of the provisions of the deed of trust, alleging that these were either the same tools described in the deed of trust or tools added to the original strings to increase or improve them or to replace those that had been worn out. The trustee filed objection to the allowance of the claim on the ground that the deed of trust relied on by claimant did not cover any tools in his possession. A hearing was had before the referee, at which no proof whatever was offered by claimant in support of its claim, and there was no evidence whatever to identify the tools in the possession of the trustee as those covered by the deed of trust. On the other hand, it was shown by the trustee that the tools which came into his possession did not correspond with the description contained in the deed of trust. Notwithstanding this lack of proof, the court, affirming the referee, held with the respondent, upon the theory, evidently, that the filing of the proof of secured claim made a prima facie showing of right to a lien on the property described therein, and that this prima facie showing had not been rebutted by the proof offered on the part of the trustee.

As there was no evidence whatever to identify the tools which passed into the possession of the trustee as being those covered by claimant's deed of trust, the holding of the District Court was erroneous as a matter of law. It is true, as held in Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584, that a sworn proof of claim is prima facie evidence of its correctness; but that doctrine has no application to the assertion by claimant of a lien on property in the possession of the bankrupt's trustee. The rule applied in Whitney v. Dresser is based upon an interpretation of section 57d of the Bankruptcy Act (Comp. St. § 9641), which provides that "claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest." But there is nothing in the act which would justify the application of any such rule to a claim of lien on assets in the hands of the trustee merely because such claim is inserted in a proof of secured claim. On the contrary, the act contemplates that the reference in the claim to security shall be used only as a basis for determining the extent to which the secured creditor may participate in the proceedings with other creditors; the provision as to the claims of secured creditors being that such claims may be allowed, to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities, but for such sums only as to the court may seem to be owing above the value of the securities. Section 57e. And it is held that "the formal proof of claims required by the Bankruptcy Act has reference for the most part, if not entirely, to unsecured claims" (Courtney v. Trust Co. [C. C. A. 6th] 219 F. 57, 134 C. C. A. 595); and that "the claim of a secured creditor is only allowable, prior to the determination of the value of his security, to enable him to participate in creditors' meetings for such sum as to the court seems to be owing over and above the value of the security" (Sanford, J., in Re Pharmaceutical Co. [D. C.] 286 F. 148).

So far as claiming a lien on property in the possession of the trustee is concerned, the filing of a claim secured or unsecured has in reality nothing whatever to do with this. The lien claimant "is not even required to file a formal proof of claim, though, where the trustee has taken possession of the property and sold it, he may file a petition to ob-

tain the proceeds of the lien in the hands of the trustee." Sanford, J., in Re North Star Ice & Coal Co. (D. C.) 252 F. 301. It is allowable practice to claim a lien on property in possession of the trustee by allegation incorporated in proof of secured debt. Remington on Bankruptcy (3d Ed.) § 2599; Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. The better practice, however, is to file an intervening petition. Remington (3d Ed.) §§ 2485 and 2599. But, whether the claim of lien be asserted informally in connection with proof of secured debt or properly by intervening petition, it must be supported by proof, as the burden rests upon the claimant. Re Union Food Stores Co. (C. C. A. 7th) 3 F. (2d) 736; First Savings & Banking Co. v. Kilmer (C. C. A. 4th) 263 F. 497; Shook v. Levi (C. C. A. 9th) 240 F. 121, 153 C. C. A. 157; Remington (3d Ed.) § 2455. It would seem to need no citation of authority, however, to sustain the propositions that one who claims a lien on property in custodia legis must support his allegation by proof, and that a lien claimant will have no artificial presumption of the correctness of his claim because he asserts it informally along with proof of secured claim instead of following the better practice of filing an intervening petition.

As there was no evidence to support the respondent's claim of lien on the tools which passed into the possession of the trustee, his claim to the fund in controversy should have been denied. The order of the District Court was therefore erroneous as matter of law, and same is accordingly reversed.

Reversed.