[Civ. No. 8765. First Appellate District, Division One.—November 17, 1932.]

FRED J. BEVIS et al., Appellants, v. HOMER W. MURPHEY et al., Respondents.

M. C. Spicer and W. O. Graf for Appellants.

Hibbard & Kleindienst for Respondents.

BURROUGHS, J., *pro tem.*—This action was commenced for the purpose of reforming a written contract for the sale of real estate, executed by the plaintiffs as sellers and the defendants as buyers. Judgment went for the defendants and the plaintiffs have appealed.

That portion of the contract which it was sought to have reformed reads as follows: "Taxes for the current year to be paid by Seller and Seller agrees to pay all assessments levied subsequent to date hereof. Sept. 28, 1928." It is alleged in the complaint that "It was orally agreed between the plaintiffs and defendants that plaintiffs should pay all taxes and assessments levied against said property up to September 28th, 1928, and that defendants should pay all taxes and assessments levied against said property after said date." It was further alleged therein that it was understood and agreed by all the parties to the contract that plaintiffs were to pay all assessments levied "prior" to September 28, 1928, but that the word "subsequent" as used in said contract was so used through the plaintiffs' lack of knowledge of the meaning of that word, and the representations to them by the defendants that the word meant "before"; in other words, that the word meant that the plaintiffs were to pay all assessments levied before September 28, 1928, and that when they signed the contract all the parties believed that the contract so read and was intended to so read. The an-

swer of the defendants admits the making of the contract, but avers that it fully and fairly sets forth the agreement between the parties and that it was understood and agreed that the plaintiffs were to pay certain assessments for street improvements to be made on Cazadore Street adjoining the property sold and also pay all taxes thereon for the then current fiscal year and it was understood that the defendants should pay all other taxes levied against the property for the years subsequent to the fiscal year 1928–1929. Upon the issues thus raised, the court, after trial, made its findings in favor of the defendants and entered judgment that it was the agreement of the parties that the plaintiffs were to pay the taxes on the property for the current fiscal year 1928–1929, and the assessment for street improvements on Cazadore Street, which was fixed in the sum of $360.29, and that the defendants should pay all future taxes and assessments.

Appellants say: "We are not unmindful of the established rule of law that where findings of fact are supported by any substantial evidence, such findings will not be disturbed on appeal." They also say: "The only evidence that will sustain the court's findings of fact is the testimony of the respondents. . . . If such evidence can be considered, we are ready to admit that the findings are supported by substantial evidence and they will not be disturbed. . . . " During the progress of the trial the court admitted oral evidence in support of the defendants' case. Appellants urge that such evidence was erroneously admitted and that it is rebutted by a receipt written by one of the defendants and signed by one of the plaintiffs, wherein it is stated that "Any taxes or assessments up to this date to be paid by the seller. All taxes or assessments levied against lot after this date to be paid by the buyer." The receipt is dated September 28, 1928. It is contended by appellants that this receipt is a written instrument between the parties and under the provisions of section 1962 of the Code of Civil Procedure cannot be varied by parol evidence and is therefore conclusive evidence of plaintiffs' right to a reformation of the contract. But an examination of subdivision two of said section of the code does not bear out the appellants' contention. That provision is that "The truth of the facts recited, from the recital in a written instrument between the parties thereto" is a conclusive presumption. The re-

ceipt upon which the appellants rely in this case is not a written instrument between the parties, but is only a receipt for money on account signed by one of the parties. As was said in *Wise* v. *Collins*, 121 Cal. 147 [53 Pac. 640, 641], "Several objections were taken to testimony in explanation of expressions used in the chattel mortgage. These were based upon the theory that oral testimony was not admissible to vary the meaning of a written instrument. The answer to this is, that the document, not having been executed, was in no proper sense a written instrument within the purview of the rule invoked. Its statements, coming from the plaintiffs, were admissions on their part which were subject to explanation equally with like verbal admissions." In the light of the foregoing, it is clear that the receipt in controversy is not a written instrument between the parties, but is merely evidence to be considered by the trial court with all the other evidence in the case, and it is to be given such weight as the court deems it entitled to. The cases of *Winchester* v. *Winchester*, 175 Cal. 391 [165 Pac. 965], and *Blackledge* v. *McIntosh*, 85 Cal. App. 475 [259 Pac. 770], cited by appellants, have reference to duly executed deeds wherein the grantors were prohibited from nullifying or limiting the unconditional estate which they had conveyed, and are therefore not in point.

No other question being presented, it follows that the judgment should be affirmed. It is so ordered.

Knight, Acting P. J., and Cashin, J., concurred.