498

BERRARA et al. v. CITY REAL ESTATE CO.
et al.

No. 160.

Circuit Court of Appeals, Second Circuit.
April 17, 1933.

Zalkin & Cohen and Nicholas H. Pinto, all of New York City (Israel Akselrod, of New York City, of counsel), for appellants.

C. Elmer Spedick, of Brooklyn, N. Y., for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complainants, as trustees in bankruptcy of Realty Construction Corporation, filed a bill of complaint in the United States District Court for the Eastern District of New York. The first cause of action alleged that on November 20, 1930, when the Realty Construction Corporation was insolvent and had refused to pay its obligations to its creditors in due course, it executed a bond and mortgage to the defendant City Real Estate Company; that the bond was to pay the sum of $820,000, and the mortgage securing the same was upon real estate belonging to the Realty Construction Corporation; that the bond and mortgage were executed and delivered without any consideration; that the Realty Construction Corporation was adjudicated a voluntary bankrupt on January 27, 1932; that on and prior to November 20, 1930, the City Real Estate Company had reasonable cause to believe that the Realty Construction Corporation was insolvent, or its insolvency was imminent; that the lien of the mortgage was void by reason of the provisions of section 15 of the Stock Corporation Law of the state of New York and of section 70e of the Bankruptcy Act (11 USCA § 110 (e).

The second cause of action alleged that prior to November 20, 1930, the defendant Realty Construction Corporation was indebted to defendant Title Guarantee & Trust Company in the sum of $300,000, to the defendant Manufacturers' Trust Company in the sum of $95,000, to the defendant Bank of United States in the sum of $80,000, and to the Chatham Phenix National Bank & Trust Company in the sum of $95,000, which sums were past due and unsecured; that on or about November 2, 1930, Title Guarantee & Trust Company, Manufacturers' Trust Company, Bank of United States, and Chatham Phenix National Bank & Trust Company advanced to City Real Estate Company $150,000, for which they received notes made or indorsed by Realty Construction Corporation. These notes were either paid or renewed. On November 20, 1930, the Realty Construction Corporation executed and delivered to City Real Estate Company the bond and mortgage for $820,000 (already mentioned) at the request of the said banks in order to give a preference to the said banks and with the knowledge of the banks and the City Real Estate Company that Realty Construction Corporation was insolvent, or its insolvency was imminent.

The complaint prayed that the bond and mortgage be declared null and void as a fraud upon the creditors of Realty Construction Corporation, and that the defendants be ordered to account for all moneys, profits, and income collected under the mortgage.

An action was brought by the City Real Estate Company in the New York Supreme Court on January 2, 1932, to foreclose the above mortgage, and a receiver of the rents was appointed by the state court. On January 27, 1932, a voluntary petition in bank-

ruptcy was filed and an adjudication had, and on March 8, 1932, the plaintiffs were elected trustees and thereafter qualified. The foreclosure suit proceeded to trial in the New York Supreme Court, but decision was reserved on account of the present suit which had in the meantime been brought. The trustees in bankruptcy were not made parties to the foreclosure suit.

The defendants herein moved to dismiss the bill of complaint in the District Court on the ground that that court was without jurisdiction to determine the issues involved. The motion was granted, and, from the order granting it, this appeal has been taken.

There is no attempt in this suit to interfere with the state court or with the possession of its receiver. The effect of the relief prayed for, if the complaint prevails, will be to have the mortgage declared void as against the trustees in bankruptcy, who are suing for the creditors, and to compel the defendants beneficially interested in this mortgage to turn over any moneys which they may realize through it. The claim of the trustees in bankruptcy, if valid, is superior to the lien of the mortgagee. They were not made parties to the foreclosure suit, and were no more necessary to its determination than would be the owner of a mortgage that was senior in date to the one being foreclosed. Emigrant Industrial Savings Bank v. Goldman, 75 N. Y. 127. In other words, the issues in this suit and in the foreclosure suit are entirely different, and the rights of the trustees in bankruptcy cannot be affected by any judgment in foreclosure. Emigrant Industrial Savings Bank v. Goldman, supra; Louisville Trust Co. v. Louisville Ry. Co., 174 U. S. at page 682, 19 S. Ct. 827, 43 L. Ed. 1130.

In Jasper v. Rozinski, 228 N. Y. 349, 127 N. E. 189, it was contended that a judgment in foreclosure was res judicata in a suit by a judgment creditor to set aside the mortgage for alleged fraud. But the New York Court of Appeals (at page 358 of 228 N. Y., 127 N. E. 189, 192) said that: "The judgment in the foreclosure action did not purport to adjudge the validity of the mortgage as against the plaintiff * * * and did not estop the plaintiff from pursuing his remedy in this action."

A judgment in foreclosure in the state court will not determine the issues in the present suit, for the issues involved here have not been tendered in the state court action, nor have the trustees in bankruptcy been made parties thereto. Their rights, if established, are superior to those of the defendants and of the Realty Construction Corporation which is charged with having created a mortgage lien in fraud of creditors.

While the District Court, under section 11b of the Bankruptcy Act (11 USCA § 29 (b), might have directed the trustees to apply to the state court for leave to intervene and to seek, by cross-bill, to obtain there the sort of relief they are asking here, no such order was made by the District Court, and the only question before us is whether the suit is one which it may entertain.

So far as jurisdiction is concerned, the District Court, strictissimi juris, undoubtedly has it, for no judgment of the state court can cut off the rights of the trustees in bankruptcy. The only questions which may hereafter arise are not those of jurisdiction, but of so-called "comity" and orderly administration. Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Moran v. Sturges, 154 U. S. 256, 14 S. Ct. 1019, 38 L. Ed. 981. Should the complainants herein succeed, any conceivable conflict will be avoided, if they apply to the state court for payment of any proceeds realized from the foreclosure suit or, at their election, if they proceed against the land itself in the hands of a purchaser under the foreclosure sale.

We find nothing in the bill of complaint which interferes with the jurisdiction of the state court, and know of nothing to prevent the District Court from adjudicating that the trustees in bankruptcy have rights in the mortgaged property that are superior to the lien of mortgage sought to be foreclosed. Russell v. Detrick (C. C. A.) 23 F.(2d) 175.

The order granting the motion to dismiss the bill of complaint is reversed.