## SOUTHERN GROCERY STORES, Inc., v. CHILDS.

### No. 8933.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1939.

M. E. Kilpatrick, of Atlanta, Ga., for appellant.

James A. Branch and Thomas B. Branch, Jr., both of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, as trustee in bankruptcy of Paramount Dairy Company, brought this suit under the provisions of Section 60 National Bankruptcy Act, 11 U.S.C.A. § 96, to recover preferential payments made to appellant by the bankrupt. It was tried to a jury and a verdict was rendered in appellee's favor, upon which judgment was entered. Errors are assigned to the overruling of a plea of res adjudicata and to the denial of a directed verdict.

The plea of res adjudicata is based upon a judgment of the Superior Court of De Kalb County, Georgia, dismissing on demurrer a suit brought by appellee against Southern Grocery Stores, Inc. (appellant), Southern Dairy Corporation, and four individuals, charging them, in effect, with fraudulent conversion of the assets of the bankrupt. That suit was brought under the law of Georgia and sounded in tort. Recovery of preferences was not an issue in that suit and the question was not decided. The suit at bar is based upon a right given the trustee by a Federal statute. Fraud is not an ingredient. While the parties are the same, it is evident the cause of action is different. The plea of res adjudicata was properly overruled. Troxell v. Delaware, Lackawanna & Western R. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586.

The motion for a directed verdict was on the ground that there was no proof showing the bankrupt was insolvent at the times the preferences were received. It is further contended it was not shown appellant had reasonable cause to know the bankrupt was insolvent or that it was being granted preferences. The amount of the verdict is not disputed. On this point it is sufficient to say we find substantial evidence in the record tending to support the verdict.

No prejudicial error appearing, the judgment is affirmed.