Frank A. DUDLEY, as Trustee of the Estate of Merle K. Branch and Wanda B. Branch, Copartners d/b/a Riddle General Stores, Bankrupts, Appellant,

v.

Clifford E. DICKIE and Marion E. Dickie, Appellees.

No. 16504.

United States Court of Appeals Ninth Circuit.

July 13, 1960.

---

Boyrie & Miller, F. Brock Miller, Wayne Annala, Portland, Or., for appellant.

Moe M. Tonkon, Leo Levenson, Portland, Or., for appellees.

Before BONE, BARNES and HAMLIN, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of Oregon denying appellant recovery of an alleged preference within the scope of § 60, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 96, sub. a.

In April, 1955, Merle and Wanda Branch, the bankrupts-to-be, purchased from appellees under a contract of conditional sale the business of the Riddle General Store, including fixtures and inventory. Pertinent provisions of the conditional sales contract are as follows:

"Purchasers agree that they will pay for said property the sum of Thirty Thousand Dollars ($30,000.-00), lawful money of the United States, payable as follows: $8,000.00 heretofore paid directly to the Sellers as of the 15th day of April, 1955, receipt whereof is hereby acknowledged by Sellers.

"Five per cent (5%) of the gross income arising out of the operation of the business being purchased by Purchasers herein, namely, the Riddle General Store, payable on the 15th day of each and every month hereafter, commencing with the 15th day of May, 1955. * * *

"Purchasers agree that they will at all times keep up the inventory of said business to the full sum of $22,-000.00 and will at all times keep said

stock of merchandise insured against loss by fire, damage by smoke or water, in the sum of $22,000.00 and said fixtures in the sum of $2,000.00. All policies of insurance to be so written as to set forth the interest of the Sellers and the Purchasers.

"Notwithstanding the fact that the Purchasers shall have the right to sell merchandise from the stock on hand and continue to operate said business in a regular and general manner, the title to said fixtures and inventory shall in the event of default, as well as at all times herein mentioned, shall remain in the Sellers until the full balance of purchase price and interest as herein provided has been fully paid.

"Purchasers agree that they will pay for all merchandise delivered to said business as the same is received to the end that all such merchandise shall become a part and parcel of the stock and inventory and the title immediately vested in the Sellers, subject only to right of the Purchasers as in this contract provided. * * *

"If purchasers default in any of the payments when due, or breach any of the provisions of this contract, or the lease herein referred to, or if said within property is attached or levied upon under any writ or process of any court, or if Purchasers are declared bankrupts, or upon any unusual or unreasonable depreciation in the value of the property, or if the Sellers feel insecure, of which the Sellers shall be the sole judges, Sellers may, at their option, without previous demand or notice, exercise any one of the following three options.

"1. Retake possession of said within property with or without process of law; and all payments theretofore made hereunder shall thereupon be forfeited to Sellers and this contract shall thereupon terminate and all rights of Purchasers in this contract and said within de-scribed property shall thereupon cease and are hereby waived; or

"2. Sellers may declare the whole of the sums then remaining unpaid to be immediately due and payable and sue therefor, or

"3. Sellers may retake possession of the said herein described property, with or without process of law and cause said within described property to be sold either at public auction or private or Sellers may foreclose this contract in strict foreclosure in the manner provided by law. * * * *"

In June, 1957, the Branches were in default under the contract, and appellees brought suit in a state court seeking an adjudication which would name them sole owners of the furniture, fixtures and merchandise of the Riddle General Store and obtain for them immediate possession thereof. On July 1, 1957, upon a stipulation of the parties—the Branches having been joined as defendants—the decree prayed for was granted. Appellees took possession of the store and all that was in it. The Branches were declared bankrupts on July 11, and appellant was subsequently named trustee of their estate.

Appellant seeks to void as a preference the transfer of title to that merchandise, in the Store on the date appellees took possession, which was bought by the bankrupts from sellers other than appellees after the contract of conditional sale had been executed. Appellant claims that under Oregon law the contractual provision transferring title to the after-acquired inventory must be viewed as a chattel mortgage; and since there was no effective recordation of the mortgage, the transfer of title was perfected for purposes of § 60, sub. a(2) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 96, sub. a(2), only upon appellees' taking possession, see 1 Ore.Rev.Stats. § 86.420, at which time the transfer was a preference. Appellees, on the other hand, claim that the transfer to them of the after-acquired merchandise should be viewed as part of

the conditional sale of the fixtures and inventory in 1955. Since under Oregon law a conditional sale need not be recorded and is perfected against subsequent creditors as of the date the sale is made (in this case in April, 1955), the transfer of title to the after-acquired merchandise was effectuated prior to four months before bankruptcy and does not fall within the statutory definition of a preference. See Washburn v. Inter-Mountain Mining Co., 1910, 56 Or. 578, 585, 109 P. 382. In addition, appellees claim that the Oregon State Court's decision declaring them sole owners and entitling them to possession of the after-acquired merchandise binds appellant and precludes him from urging, as he does here, the existence of a preference. The court below held for appellees as to both contentions.

■■ We think the lower court has misapplied the doctrine of res judicata. Because he represents creditors as well as succeeding to the bankrupt's estate, a trustee in bankruptcy obtains statutory rights which the bankrupt himself can never realize. See Saper v. Wood, 9 Cir., 1957, 249 F.2d 401, 404; Meier & Frank Co. v. Sabin, 9 Cir., 1914, 214 F. 231, 233. One such right, granted the trustee by § 60, sub. b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 96, sub. b, is the power to set aside a transfer falling within the statutory definition of a preference. When litigation against the bankrupt necessary to perfect the transfer precedes bankruptcy, the bankrupt cannot of course defend on the grounds of a preference, for the obvious prerequisite, bankruptcy, would not yet have occurred. The same can be said when a transfer is perfected by an *in rem* proceeding in which the bankrupt is joined as a party defendant, apparently the situation in the instant case. Consequently, despite the degree of privity which existed between the trustee and the bankrupts, the pre-bankruptcy, state court decree, adjudging that title to the after-acquired inventory of the Riddle General Store resided in appellees, does not bar appellant from later asserting in the bankruptcy court that the transfer was a preference; this for the reason that the preference issue was not and could not have been raised in the state court action. See Heiser v. Woodruff, 1946, 327 U.S. 726, 735, 66 S. Ct. 853, 90 L.Ed. 970; Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Southern Grocery Stores, Inc. v. Childs, 5 Cir., 1939, 108 F.2d 734; Berrara v. City Real Estate Co., 2 Cir., 1933, 64 F.2d 498; In re Continental Engine Co., 7 Cir., 1916, 234 F. 58; Saper v. Long, D.C.S.D.N.Y.1954, 121 F.Supp. 65.

Appellees rely on cases involving decisively different considerations. In Clark v. Mutual Lumber Co., 5 Cir., 1953, 206 F.2d 643, and Stark v. Baltimore Soda Fountain Mfg. Co., D.C.D.Md.1952, 101 F.Supp. 842, the prior, non-bankruptcy action was pending at the time of bankruptcy, and the trustee was thereby afforded the opportunity to intervene and litigate the issue which he later urged in the bankruptcy court. In Covey v. American Distilling Co., 7 Cir., 1943, 132 F.2d 453, and In re Mercury Engineering, Inc., D.C.S.D.Cal.1946, 68 F.Supp. 376, the issue upon which the bankruptcy court held the trustee barred had actually been litigated and decided in the prior proceeding.

As previously noted, the question of a preference was not litigated in the non-bankruptcy suit involved in the present case. Moreover, the state court decree was issued before the Branches were adjudicated bankrupts and before the appointment of appellant, as trustee. Accordingly, appellant could not have intervened in the non-bankruptcy state action. Nonetheless, appellees claim that appellant is bound because Oregon law provides that a party may petition for relief from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect. See 1 Ore.Rev. Stats. § 18.160. According to appellees, appellant could have avoided the state court judgment by acting under the statute. Not only is appellant beyond the purview of § 18.160—he was not a party, the judgment was not taken against him,

he was not inadvertent, mistaken, surprised or neglectful, and the judgment was by stipulation, see Stites v. McGee, 1900, 37 Or. 574, 61 P. 1129,—but we think that the policy behind the doctrine of res judicata, the desire to achieve an end to litigation, is hardly enhanced by requiring the trustee to seek a new trial in the state courts on the issue of a preference rather than allowing him to press his claim in the present action.

We hold that the state court decree did not preclude this appellant from subsequently seeking recovery of the alleged preference.

We now move to an examination of the nature of appellees' interest in the after-acquired inventory. While a number of cases have involved the taking of additional security by a conditional seller to guarantee payment by the conditional buyer, the question before the court in these cases concerned the nature of the transaction only as to the goods which were conditionally sold, not as to the additional security. The problem was to determine whether or not the taking of other security was inconsistent with reservation of title in the goods sold, and generally the classification of the transaction as a conditional sale, at least insofar as the goods sold were concerned, was upheld despite the presence of additional security. See e. g., William W. Bierce, Ltd. v. Hutchins, 1907, 205 U.S. 340, 27 S.Ct. 524, 51 L.Ed. 828; Monitor Drill Co. v. Mercer, 8 Cir., 1908, 163 F. 943, 20 L.R.A.,N.S., 1065. We are aware of few cases, however, in which the conditional seller claimed that the additional security should also be deemed a part of the conditional sale. One of these cases indicates the Oregon view of the matter, a view which must govern us in the instant case.

In Davis v. Wood, 1954, 200 Or. 602, 268 P.2d 371, a conditional buyer brought suit against his seller, alleging inter alia that the seller had not properly declared a forfeiture under the contract. The buyer had agreed to install additional fixtures upon the property conditionally sold to him and had stipulated that the new fixtures would be deemed the seller's property and subject to the terms of the conditional sales contract. In determining whether or not the seller's notice of forfeiture was sufficient, the court noted that it was not inclined to enforce a strict forfeiture of the interests of a buyer where the conditional seller was attempting to take back goods which he never owned in the first place. For in equity an agreement in form a conditional sale would be treated as a chattel mortgage when the purpose of the transaction is to give the seller a security interest in property which he never owned and therefore could not sell. While the last mentioned proposition may well be dictum, in the absence of another Oregon decision to the contrary, it governs the issue now under discussion. See also Bartholomew v. Barton, 1923, 120 Misc. 627, 199 N.Y.S. 399, cited in Kliks v. Courtemanche, 1935, 150 Or. 332, 43 P.2d 913. Accordingly, that inventory of the Riddle General Store acquired after the execution of the contract of conditional sale between appellees and the bankrupts must be deemed to have been mortgaged by the Branches, rather than conditionally sold to them.

The judgment of the District Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. In the course of such proceedings the District Court should enter a finding of fact as to the exact value of those goods conditionally sold by appellees to the bankrupts which were still in the Store at the time appellees took possession. The judgment of the lower court should be in accordance therewith.