## TROXELL, ADMINISTRATRIX, *v.* DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 854.　Argued January 14, 1913.—Decided February 24, 1913.

Where the second suit is upon the same cause of action set up in the first suit, an estoppel by judgment arises in respect to every matter offered or received in evidence or which might have been offered to sustain or defeat the claim in controversy; but where the second suit is upon a different claim or demand, the prior judgment operates as an estoppel only as to matters in issue or points controverted and actually determined in the original suit.

To work an estoppel, the first proceeding and judgment must be a bar to the second one because it is a matter already adjudicated between the parties, and there must be identity of parties in the two actions.

A suit for damages for causing death brought by the widow and surviving children of the deceased under the state law is not on the same cause of action as one subsequently brought by the widow as administratrix against the same defendant under the Employers' Liability Act, and the judgment dismissing the complaint in the first action is not a bar as *res judicata* to the second suit.

After a plea of *res judicata* has been filed and considered and the case

tried, it is too late for defendant to raise the objection in this court for the first time that the case was not at issue and should not have been tried until after plaintiff had filed a replication to the plea.
200 Fed. Rep. 44, reversed.

THE facts, which involve the construction of the Employers' Liability Acts of 1906 and 1908 and the validity of a judgment recovered thereunder, are stated in the opinion.

*Mr. George Demming* for plaintiff in error.

*Mr. James F. Campbell,* with whom *Mr. J. Hayden Oliver, Mr. Daniel R. Reese* and *Mr. William S. Jenney* were on the brief, for defendant in error:

The former action brought by plaintiff in error as widow for the benefit of herself and children, which she lost in the Circuit Court of Appeals, completely bars the present action brought by her as administratrix for the benefit of herself and children.

The Circuit Court of Appeals had the right to consider the record of the former appeal because it was not only before them, without objection, but was a part of their own records. 3 Cyc. 179; *Schneider* v. *Hesse,* 9 Ky. L. R. 1814.

An appellate court takes notice of its own records so far as they pertain to a case under consideration. That court, therefore, would judicially know that the judgment appealed from was affirmed upon a former appeal to which all the parties to the present appeal were parties, and such judgment is consequently a bar to the prosecution of the present appeal. *Thornton* v. *Webb,* 13 Minnesota, 498; *Butler* v. *Eaton,* 141 U. S. 240; *Aspen Mining Co.* v. *Billings,* 150 U. S. 31; *Cracmer* v. *Washington,* 168 U. S. 124; *Thompson* v. *Maxwell Land Grant Co.,* 168 U. S. 451; *In re Durrant,* 169 U. S. 39; *Bienville Water Supply Co.* v.

*Mobile*, 186 U. S. 212, 217; *Dimmick* v. *Tompkins*, 194 U. S. 540.

Plaintiff in error must have tried the former action under the Federal Employers' Liability Act, and as the administratrix was a mere formal party, she could have been substituted at any time as nominal plaintiff, by amendment. *St. Louis & S. F. R. R.* v. *Herr*, 193 Fed. Rep. 950; *Van Doren* v. *Pa. R. R.*, 93 Fed. Rep. 260, 268; *Reardon* v. *Balaklala Con. Copper Co.*, 193 Fed. Rep. 189.

The parties were identical or in privity.

The Pennsylvania statutes give the right to a widow to sue in her own name, for the benefit of herself and children, for the wrongful death of her husband by violence or negligence. Act of April 26, 1855, § 1, P. L. 309.

The Federal Employers' Liability Act of 1908 provides that the action shall be brought by the administrator for the benefit of the widow and children.

The former action was brought by plaintiff in error, under the Pennsylvania acts, to recover damages against the defendant by reason of its alleged negligence causing the death of her husband, for the benefit of herself and minor children.

In the present action she sues as administratrix under the Federal Employers' Liability Act of 1908, to recover damages, for the same death, from the same accident and for the benefit of the same parties, viz., herself and minor children.

These parties are the same in both actions, and in privity with each other. *Butler* v. *Eaton*, 141 U. S. 240.

The cause of action is the same and the parties are the same. It conclusively follows, therefore, that the first action is *res judicata* of the second.

The two actions were brought by the same parties against the same defendant, in the same court, tried before the same judge, to recover damages for the same death in the same accident.

If the matter was adjudicated as to part, it was adjudicated entirely. *MacDonald* v. *Grand Trunk R. Co.*, 71 N. H. 448; *Columb* v. *Webster Mfg. Co.*, 84 Fed. Fep. 259.

To the same effect are the following cases: *Marshall* v. *Bryant Electric Co.*, 185 Fed. Rep. 499; *Hein* v. *Westinghouse Co.*, 172 Fed. Rep. 524; *Forsythe* v. *Hammond*, 166 U. S. 506; *Cromwell* v. *Sac*, 94 U. S. 351; *Clare* v. *N. Y. & N. E. R. R.*, 172 Massachusetts, 211; *The New Brunswick*, 125 Fed. Rep. 567; *Hubbell* v. *United States*, 171 U. S. 203; 23 Cyc. 1170.

The question of the negligence of a fellow-workman was adjudicated in the prior case, because even under the Pennsylvania statute recovery is permitted against the common employer whose alleged negligence (in the present instance in not furnishing a derailing switch) concurred with the negligence of a fellow-servant to cause harm to the plaintiff.

The fact as to whether or not the cars were left properly on the siding was directly in issue as a defense in the former suit and was directly decided therein so as to be *res judicata.*

The Federal Employers' Liability Act is not exclusive in the case at bar. *Second Employers' Liability Cases*, 223 U. S. 1. In this case the facts are entirely different and the Pennsylvania acts are not in conflict with the Federal act.

The mere fact that in his train are some cars destined to points without the State does not make an employé engaged in interstate commerce so as to exclude the applicability of the state acts when he was also engaged in intrastate commerce.

Plaintiff in error was not exclusively engaged in interstate commerce but only incidentally, and his employment was far more intrastate than interstate. *M., K. & T. Ry. Co.* v. *Haber*, 169 U. S. 613; *Sinnott* v. *Davenport*, 22 How. 227, 243.

There is no repugnance or conflict between the state act and the Federal act.

MR. JUSTICE DAY delivered the opinion of the court.

This case was brought in the Circuit Court of the United States for the Eastern District of Pennsylvania under the Federal Employers' Liability Act, as amended (35 Stat. 65, c. 149; 36 Stat. 291, c. 143) by Lizzie M. Troxell, administratrix of the estate of Joseph Daniel Troxell, deceased, against The Delaware, Lackawanna & Western Railroad Company to recover for the alleged wrongful death of decedent. A verdict was rendered by the District Court, which had succeeded the Circuit Court, in favor of the plaintiff, and judgment entered accordingly, which, on writ of error, was reversed by the Circuit Court of Appeals for the Third Circuit. 200 Fed. Rep. 44. The case was then brought here upon writ of error.

It appears from the record that the defendant railroad company operates a line of road running from Nazareth to Portland, Pennsylvania, and that a branch road, known as the Pen Argyl Branch, puts off in a northeasterly direction from Pen Argyl Junction, a point on the defendant's line. Between 100 and 150 yards northeast of Pen Argyl Junction there is a switch running off the Pen Argyl Branch, called Albion Siding No. 2, which extends to certain quarries in that vicinity. The switch track is level, or practically so, for the first 100 feet, and then rises towards the northeast with a grade of one foot in 100 feet. From the place where the Albion switch connects with the Pen Argyl Branch down to the main track and then westward on the main track there is a down grade. Six gondola cars, each about thirty-six feet in length, loaded with ashes, had been placed on the Albion spur by the

train crew of which Troxell was the fireman, he at that particular time acting as engineer, two days before the happening of the injury hereinafter described. The night before the injury the yard shifter and crew had moved the cars a considerable distance further on the spur from the junction of the siding with the branch and on the up grade. The next morning, at about half past seven o'clock, these cars were seen to be running rapidly down grade toward the point where the collision occurred. The decedent Troxell, then engaged as fireman in propelling a train eastwardly, consisting in part of interstate cars and freight, was at the time working on the tender of the engine, and when the runaway cars, going at great speed, collided with the locomotive he was buried under the wreck and killed.

Lizzie M. Troxell (now the administratrix of his estate) brought a previous action, suing as surviving widow and joining the two living children, against the defendant railroad company for damages, stating that at the time of the injury, July 21, 1909, the deceased was engaged in the capacity of fireman on a locomotive hauling one of the defendant's trains in interstate and foreign commerce and that while so engaged, without fault on his part and because of the negligence of defendant and its failure to supply and keep in good condition proper and safe devices, instruments and apparatus, the locomotive and train came into violent collision with several runaway cars, resulting in the death of Troxell, and she prayed damages on account of herself and the children. She recovered a verdict and judgment was rendered in her favor, which upon writ of error, was reversed by the Circuit Court of Appeals for the Third Circuit. 183 Fed. Rep. 373.

Thereafter, having been appointed administratrix of the estate of her husband, Lizzie M. Troxell began the present action in the Circuit Court of the United States.

This action was specifically brought under the Federal Employers' Liability Act. The petition charged that the defendant was a common carrier engaged in interstate transportation; that Troxell, deceased, was a fireman, engaged in that capacity upon a locomotive and train engaged in carrying interstate and foreign commerce, and charged that because of the negligence, carelessness and oversight of the defendant, and its failure to supply and keep in good condition proper, necessary and safe devices, instruments and appliances, the locomotive and train came into violent collision with several loose and runaway cars, causing Troxell's death, and the plaintiff, administratrix as aforesaid, prayed damages, setting forth that she was the widow of the decedent and that there were two minor children of the parties. The case was tried to a jury, and again resulted in a verdict and judgment in the District Court, successor to the Circuit Court, in favor of the administratrix. Upon writ of error the Circuit Court of Appeals for the Third Circuit reversed the judgment, holding that the first proceeding and judgment was a bar to a recovery in the second action.

Where the second suit is upon the same cause of action set up in the first suit, an estoppel by judgment arises in respect to every matter offered or received in evidence, or which might have been offered, to sustain or defeat the claim in controversy; but, where the second suit is upon a different claim or demand, the prior judgment operates as an estoppel only as to matters in issue or points controverted and actually determined in the original suit. *Cromwell* v. *Sac County*, 94 U. S. 351, 352, 353; *Southern Pacific Railroad Co.* v. *United States*, 168 U. S. 1, 50; *Virginia-Carolina Chemical Co.* v. *Kirven*, 215 U. S. 252, 257.

An inspection of the record shows that upon the trial of the first action the judge of the District Court held that the Employers' Liability Act prevented Lizzie M. Troxell

from maintaining the suit in her individual capacity for herself and children and that the Federal act should not be considered in determining the case and that it was brought under the statutes of the State of Pennsylvania authorizing a widow to bring suit for herself and children, not as administratrix, but in her individual capacity, to recover damages for the death of the decedent. In such an action there could be no recovery because of the negligence of the fellow-workmen of Troxell. The record shows that in the first action the trial court held that no question of the negligence of the fellow-servants was submitted, and the jury was confined to the question of responsibility for failing to provide proper safety appliances to prevent the cars from running down the grade in the manner in which they did, if left unbraked or on becoming unbraked on the siding. The Circuit Court of Appeals in reversing the case distinctly stated that in its view the case might be brought under the state act, notwithstanding the Employers' Liability Act, and reached the conclusion that the judgment below should be reversed.

The second action was brought under the Federal Liability Act, under which there might be a recovery for the negligence of the fellow-servants of the deceased, and the judge of the District Court, holding that the former case had adjudicated matters as to defects in cars, engines and rails, submitted to the jury only the question of the negligence of fellow-servants in failing to properly brake and block the cars on the siding. Upon the issue thus submitted a verdict was rendered and recovery had in the trial court, as we have already said.

In the Circuit Court of Appeals, however, it was held that the judgment in the first case was a bar to the second proceeding because, in view of the decision of this court in *Second Employers' Liability Cases*, 223 U. S. 1, an action of this kind for injury to one engaged in interstate commerce could only be maintained under the Federal Em-

ployers' Liability Act; and that, although the plaintiff undertook in the first action to abandon the charge as to the negligence of fellow-servants and relied only on the want of a proper derailing switch on Albion Siding No. 2, nevertheless the first judgment was a bar because in the second action she was merely offering to-prove additional facts which might have been proved in the first trial.

We think it is apparent from what we have said that the first case was prosecuted and tried on the theory that it involved a cause of action under the state law of Pennsylvania. It was so submitted to the jury, and they were told that they were not to· consider the Federal law, but recovery should be based upon the right under the state act. If the Circuit Court of Appeals was right in its second decision that no action could have been maintained under the state law, in view of the Employers' Liability Act, the fact that the plaintiff attempted to recover under that law and pursued the supposed remedy until the court adjudged that it· never had existed would not of itself preclude the subsequent pursuit of a remedy for relief to which in law she is entitled. *Wm. W. Bierce, Limited,* v. *Hutchins,* 205 U. S. 340; *Snow* v. *Alley,* 156 Massachusetts, 193, 195; *Water, Light & Gas Co.* v. *City of Hutchinson,* 90 C. C. A. 547, 551. Whether the plaintiff could properly have thus recovered is not the question now before the court. To work an estoppel the first proceeding and judgment must be a bar to the second one because it is a matter already adjudicated between the parties. The cause of action under the state law, if it could be prosecuted to recover for the wrongful death alleged in this case, was based upon a different theory of the right to recover than prevails under the Federal statute. Under the Pennsylvania law there could be no recovery for the negligence of the fellow-servants of the deceased. This was the issue upon which the case was submitted at the second trial

and a recovery had. Whether the plaintiff could recover under the Pennsylvania statute was not involved in the second action, and the plaintiff's right to recover because of the injury occasioned by the negligence of the fellow servants was not involved in or concluded by the first suit.

Furthermore, it is well settled that to work an estoppel by judgment there must have been identity of parties in the two actions. *Brown* v. *Fletcher's Estate,* 210 U. S. 82; *Ingersoll* v. *Coram,* 211 U. S. 335. The Circuit Court of Appeals in the present case, while recognizing this rule, disposed of the contention upon the ground that the parties were essentially the same in both actions—the first action was for the benefit of Lizzie M. Troxell and the two minor children, and the present case, although the action was brought by the administratrix, is for the benefit of herself and children—and held that, except in mere form, the actions were for the benefit of the same persons and therefore the parties were practically the same; and that the omission to sue as administratrix was merely technical and would have been curable by amendment. This conclusion was reached before this court announced its decision in *American Railroad Co.* v. *Birch,* 224 U. S. 547. That action was brought under the Federal Employers' Liability Act by the widow and son of the decedent and not by the administrator. The lower court held that the requirement of the act that the suit should be brought in case of death by the personal representative of the deceased did not prevent a suit in the name of the persons entitled to the benefit of the recovery. In other words, the court ruled, as did the Circuit Court of Appeals in this case, that where it was shown that the widow and child were the sole beneficiaries, they might maintain the action without the appointment of a personal representative. This court denied the contention, and held that Congress, doubtless for good reasons, had specifically pro-

vided that an action under the Employers' Liability Act could be brought only by the personal representative, and the judgment was reversed without prejudice to the rights of such personal representative. We think that under the ruling in the *Birch Case* there was not that identity of parties in the former action by the widow and the present case, properly brought by the administratrix under the Employers' Liability Act, which renders the former suit and judgment a bar to the present action.

It is further urged that even if this court should hold that the sole ground upon which the Circuit Court of Appeals proceeded, namely, that the former judgment is a bar to this action, was untenable, nevertheless the judgment of the District Court ought not to be affirmed, because there is no testimony in the record adequate to sustain the verdict and judgment of that court. The case in the appellate court must be determined, not by considering and weighing conflicting testimony, but upon a decision of the question as to the presence of testimony in the record fairly tending to sustain the verdict. An examination of the record satisfies us that the district judge in his charge fairly stated the conflicting testimony adduced as to the negligence of the fellow-servants in securing and blocking the cars on the siding, and that there was testimony to sustain the verdict of the jury adverse to the defendant. It is also contended that certain testimony was inadmissible. We have examined this assignment and, without going into detail, find that it, too, must be denied. It is also urged that the record shows that the case when tried was not at issue, at least under the rules of the lower court was not triable, until after issue joined, and this objection is set up because of the failure of the plaintiff to file a replication after the court had decided that the plea of *res judicata* was a correct plea under the local practice. The case was at issue, and the plea of *res judicata* was considered and decided in both

courts, and it is too late to make a technical objection of that character in this court.

> *Judgment of the Circuit Court of Appeals reversed, and that of the District Court affirmed, and the case remanded to the District Court.*

Upon the issue of *res judicata,* MR. JUSTICE LURTON concurs solely because of the lack of identity of parties in the two actions.