**SWORDS v. NUTT, County Treasurer, et al.***

(District Court, D. Montana. September 22, 1925.)

No. 17.

**1. Judgment ⟲828(3)—Judgment of state court having jurisdiction held res judicata of suit in federal court involving same parties, subject-matter, and cause of action.**

Where parties to suit in state court or their privies were the same as parties in present suit in federal court, the cause of action was the same in both suits, and subject of both suits is legality of special assessment levied against plaintiff's property, held, that judgment of state court having jurisdiction is res judicata as to suit in federal court.

**2. Judgment ⟲656—Judgment on demurrer binding, and may be pleaded as estoppel.**

A judgment on demurrer to a complaint is as conclusive and binding on parties to action as though given on issue arising on denial of allegations of complaint, and such judgment may be pleaded as estoppel in any other action between same parties.

In Equity. Action by George W. Swords, as receiver of the First National Bank of Billings, Mont., a banking corporation, against Henry S. Nutt, as Treasurer of the County of Yellowstone, State of Montana, and others. Judgment for defendants.

George W. Pierson and Lloyd W. Swords, both of Billings, Mont., for plaintiff.

John B. Tansil and Johnston, Coleman & Johnston, all of Billings, Mont., for defendants.

PRAY, District Judge. From the agreed statement of facts the questions for determination here are as follows:

(1) Whether plaintiff's right to maintain this action has been foreclosed by reason of the action taken, proceedings had, and judgment rendered in the district court of the county of Yellowstone, Mont., and in the Supreme Court of the state of Montana.

(2) Whether the real property in question, being owned by plaintiff as receiver of a national bank, is subject to special assessment for improvements.

(3) If the inclusion of said real property in special improvement district does not conflict with federal law, was such notice given the owners of real property in question as to authorize the board of county commissioners to include it in district No. 10.

These questions are not arranged in the order in which they appear in the agreed statement, but are here set down in what appears to be the proper order for their consid-

*Affirmed 11 F.(2d) —.

eration. If the first question is answered in the affirmative, then the controversy would seem to be at an end for the time being.

From a perusal of the agreed statement, it appears that prior to the commencement of this action plaintiff, for the purpose of testing the legality of the special assessment therein referred to, paid under protest the first year's assessment levied upon his property in special improvement district No. 10, and thereafter brought suit in the district court of Yellowstone county to recover the moneys so paid. To the complaint in that action defendant filed a general demurrer, which was sustained by the court; thereupon plaintiff refused to plead further, and judgment was rendered in favor of the defendants and against the plaintiff, from which judgment plaintiff appealed to the Supreme Court of Montana, where the judgment of the lower court was sustained by a decision upon the merits. Swords, Receiver v. Simineo, County Treasurer, 68 Mont. 164, 216 P. 806. It is agreed that both courts above named had jurisdiction of the subject-matter of the action and the parties thereto. The parties to the suit in the state court, or their privies, are the same as the parties here; the cause of action is the same in both suits, and the subject-matter of both suits is the question of legality or illegality of the special assessment levied against plaintiff's property in said improvement district.

Defendant contends that the plea of res judicata should prevail, in view of the agreed statement of facts, wherein it appears that the legality of the special assessment in question has already been determined by a state court of competent jurisdiction. The court has considered the statements of counsel for plaintiff as to alleged lack of identity of names and dissimilarity of causes in the two suits. The Troxell Case, 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586, has also been considered, and seems easily distinguishable. The first case therein was tried upon the theory that it involved a cause of action under the state law of Pennsylvania; the jury were told that they must not consider the federal law. Here the cause of action under the state law, if it could have been prosecuted to recover for the wrongful death alleged in the case, was based upon a different theory of the right to recover than prevailed under the federal statute. Under the state law there could be no recovery for the negligence of fellow servants of deceased; this was the issue upon the second trial, and was not involved in or concluded by the first trial. In the Troxell Case, su-

pra, the court also passed on the identity of parties plaintiff, holding there was not that identity of parties in the former action by the widow and the second case, properly brought by the administrator under the Employers' Liability Act, which rendered the first suit and judgment a bar to the second action.

"When the second suit is between the same parties, or their privies, and upon the same cause of action as the first, the judgment or decree in the first is conclusive upon all the parties and their privies in the second suit, not only as to every question and issue which was, but also upon every question and issue, claim, or defense which might have been, presented in the first suit. But where the second suit is upon a different cause of action, but between the same parties as the first, or their privies, the judgment or decree in the former operates as an estoppel in the latter as to every point or question which was actually litigated and determined in the first action; but it is not conclusive relative to other matters, which might have been, but were not, litigated and decided." Miller v. Belvy Oil Co., 248 F. 86, 89, 90, 160 C. C. A. 223, 226.

"It should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." [1] The foregoing quotation is from Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, cited in Power, etc., Co. v. Springe, 248 F. 237, 160 C. C. A. 316, by the Circuit Court of Appeals of this circuit. The concluding language of the latter decision suggests the query here: Were the very questions which lie at the foundation of the present action determined in the prior action in the state court? As it appears, this question must be answered in the affirmative. Under the agreed statement it appears that

by the demurrer in the prior action the merits thereof were put in issue, and judgment was rendered therein upon the facts so pleaded. "Decided cases may be found in which it is questioned whether a former judgment can be a bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer; but it is settled law that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties, and that the admission, even if by way of demurrer to a pleading in which the facts are alleged is just as available to the opposite party as if the admission was made ore tenus before a jury." Gould v. Evansville, etc., R. R. Co., 91 U. S. 526–532 (23 L. Ed. 416); Miller v. Margerie, 170 F. 711, 96 C. C. A. 30; Northern Pac. R. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738. Again in Oregonian Ry. Co. v. Oregon Ry. & Nav. Co. (C. C.) 27 F. 277–283, it was held that "on a demurrer to a complaint every material matter well pleaded therein is confessed, and, if judgment is given thereon, the same is as conclusive and binding on the parties to the action as though it was given on an issue arising on a denial of the allegations of the complaint; and if a final judgment is given for the plaintiff, on a demurrer to the answer, such judgment is a conclusive determination between the parties of the questions involved in the defense made by such answer, and of the truth of the material allegations in the complaint, and may be pleaded as an estoppel in any other action between them."

[2] In the prior action plaintiff had the legality of the special assessment determined, and he is seeking to do the same thing in the present case. In the first suit recovery of assessment paid under protest was sought as a means of testing the legality of the assessment, and in this action the same general purpose appears in an attempt to enjoin the county from enforcing the collection of said special assessment, and the new issue is over the alleged failure to mail notice, which might have been put in issue and determined in the former action.

In view of the agreed statement of facts and the authorities, in my opinion, this action is barred by the judgments of both courts in the former action. Judgment accordingly, with costs to defendants.