holding of information or knowledge that misled the lessees, and there was no payment of rent in advance under said lease by said lessees, and in view of the foregoing there is no liability for compensatory damages."

*Benjamin I. Taylor* for appellant.

*William Baruch, Henry K. Heyman* and *Thomas Holden, Jr.,* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CAR-DOZO, J.

---

CORA B. LUCE, as Administratrix of the Estate of WALTER M. LUCE, Deceased, Appellant, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

*Former adjudication — negligence — railroads — dismissal of complaint in action under Federal Employers' Liability Act to recover for death alleged to have been caused by violation of Federal Boiler Inspection Act — second action upon theory of negligence of fellow-servants and failure to promulgate rules barred.*

*Luce* v. *N. Y. C. & St. L. R. R. Co.,* 213 App. Div. 374, affirmed. (Submitted January 15, 1926; decided February 24, 1926.)

APPEAL from a judgment entered November 9, 1925, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint and granted said motion on the ground that there is an existing final judgment of the Supreme Court, rendered on the merits determining the same cause of action between the parties herein. The complaint in the first cause of action, brought under the Federal Employers' Liability Act, to recover for the death of plaintiff's intestate alleged a violation of the Federal Boiler Inspection Act and plaintiff recovered a verdict, but on appeal to the Appellate Division the judgment was reversed and the complaint dismissed on the ground that there was no proof of a violation of the Boiler Inspection Act. (209 App. Div. 728; affd., 239

N. Y. 601.) The complaint in the present action, also brought under the Federal Employers' Liability Act, omits the allegation of a violation of the Boiler Inspection Act and seeks to recover upon the theory of negligence of fellow-servants and failure to promulgate rules.

*Hamilton Ward* for appellant.

*Evan Hollister* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

GUISEPPE FUSCO, Respondent, *v.* MARIA FUSCO, Appellant.

*Title — stocks and stockholders — action to have it adjudged that plaintiff was the owner of certain stock in possession of defendant and for a direction that she deliver same to plaintiff.*

*Fusco* v. *Fusco*, 214 App. Div. 784, affirmed.

(Argued January 18, 1926, decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 20, 1925, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to obtain a decree that plaintiff was the owner of all of the stock of the Capello-Fusco Holding Co., Inc., and directing defendant to deliver the same into his possession. The complaint alleged that the plaintiff in June, 1920, organized the said corporation in contemplation of a trip to Italy, for the purpose of managing and controlling his real estate during his absence; that he transferred twenty-four shares to Carlo Cappello and one share to Guiseppe Mattucci therein mentioned and, for the purpose of retaining the balance of power in the affairs of the said corporation, the remaining twenty-five shares to his wife, upon the understanding and agreement that all of said parties were to hold the same in trust for the use and benefit of the plaintiff, and solely for the purpose of managing