## HOFFMAN et al. v. READING CO.

District Court, D. New Jersey.

March 23, 1935.

Marder & Okin, by Aaron Marder, all of Newark, N. J., for plaintiffs.

Katzenbach, Gildea & Rudner, by George Gildea, all of Trenton, N. J., for defendant.

FAKE, District Judge.

The issues here arise on a motion to strike out the reply. A clear presentation requires a review of the facts which are set out in the pleadings.

While in the employ of the Central Railroad Company of New Jersey as a locomotive fireman, Samuel Hoffman, was injured at Jenkintown, Pa., and shortly thereafter died as a result of said injuries. By reason of his death, two suits were instituted for the recovery of damages in this court, one in which Esther S. Hoffman, administratrix, sought damages under the provisions of the Federal Employers' Liability Act (45 U.S.C.A. §§ 51 to 59 inclusive) against the Central Railroad Company of New Jersey. This suit was tried and resulted in a judgment in favor of the plaintiff, which was paid and satisfied of record. The other suit is the instant case. Here, the said Esther Hoffman, individually and as next friend of her infant daughter, Naomi Ruth Hoffman,

seeks damages against the Reading Company under the Pennsylvania Death Act. Act April 15, 1851, P.L. 669, § 19, as supplemented and amended (12 P.S.Pa. § 1601 et seq.). At the time of the accident complained of the Central Railroad Company's train was passing over the rails and roadbed of the Reading Company under a leasehold.

It is argued that the payment and satisfaction of the aforesaid judgment operates to discharge the defendant Reading Company, since the pleadings disclose that it was a joint tort-feasor with the Central Railroad. The pleadings do disclose it was a joint tort-feasor, but the plaintiff contends that the payment and satisfaction of the judgment against the Central Railroad Company in an action under the Federal Employers' Liability Act, does not operate to discharge the Reading Company's liability under the Death Act. First, because satisfaction of judgment does not operate as a release, and, secondly, because the recovery permitted under the Death Act extends to certain damages which are not recoverable under the Employers' Liability Act.

As to whether the satisfaction of judgment operates as a release of the Reading Company in view of the peculiar facts of this case raises what is apparently a new question. Counsel on both sides have been diligent in their attempts to aid the court with a case. in point, but their labors have been unsuccessful. However, certain principles or rules of law laid down in cases bordering on the question may be resorted to. Thus, we find in Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 276, 57 L.Ed. 586, that: "Where the second suit is upon the same cause of action set up in the first suit, an estoppel by judgment arises in respect to every matter offered or received in evidence, or which might have been offered, to sustain or defeat the claim in controversy; but, where the second suit is upon a different claim or demand, the prior judgment operates as an estoppel only as to matters in issue or points controverted and actually determined in the original suit."

Taking the foregoing rule, we return to an examination of the two suits before us for the purpose of ascertaining whether or not all the damages sought in the instant case actually were or might have been properly recoverable in the suit under the Federal Employers' Liability Act. This approach to the problem is fortified by the rule in Sessions v. Johnson, 95 U.S. 347, 24 L.Ed. 596, which is stated in the caption as follows: "A judgment against one wrong-doer without satisfaction is no bar to an action against any one of the other joint tort-feasors, but the injured party can have only one satisfaction which, when made, is conclusive in all subsequent proceedings." The payment and satisfaction of the judgment entered in the employers' liability suit can have no greater effect than to release and acquit from all issues properly before the court in that suit and for such issues as might properly have been included therein.

It is asserted here that the Employers' Liability Act affords no recovery for pecuniary damages which the infant Naomi might suffer after the age of twenty-one years, while the Pennsylvania Death Act does permit such recovery. A reading of the Liability Act discloses no such limitation in express language. The act (section 1 [45 U.S.C.A. § 51] says the railroad engaged in interstate commerce "shall be liable in damages * * * for such injury or death." Here, we find nothing which would lead to the conclusion that if a showing of facts be presented wherefrom an infant would appear to suffer in a pecuniary way after majority, it would not be a factor upon which damages might be recovered.

Whether the Pennsylvania Death Act, either by its express terms or by judicial interpretation, allows damages to an infant for anticipatory pecuniary loss after twenty-one years of age is not material, since our conclusion is, the Federal Employers' Liability Act would allow such a recovery when a proper state of facts appears to sustain it. It therefore follows that the satisfaction of the judgment in the employers' liability suit estops the plaintiffs here from any further recovery for that item of damage.

There can be no doubt but that the plaintiff here is entitled to full and complete satisfaction, and if the instant suit covers any item not recoverable in the employers' liability suit, which is recoverable here under the Death Act, she is entitled to it. Lovejoy v. Murray, 3 Wall. (70 U.S.) 1, 10, 18 L.Ed. 129; Sessions v. Johnson, 95 U.S. 347, 24 L.Ed. 596. There is but one element of damage in this case which is not recoverable under the Em-

ployers' Liability Act; that is funeral expenses.

An order will be entered in conformity herewith.