PETER DE COSS, Appellant, *v.* TURNER & BLANCHARD, INC., Respondent.

(Argued March 20, 1935; decided April 17, 1935.)

*Vine H. Smith* and *George C. Wildermuth* for appellant.

208

*Patrick J. McCann* and *James E. Turner* for respondent.

LEHMAN, J.   The complaint in a negligence action has been dismissed on the ground that a prior action in the Federal court to recover for the same injuries has been dismissed on the merits and constitutes *res adjudicata* in this action.

The complaint sufficiently alleges a cause of action under the Jones Act (38 U. S. Stat. 1185; 41 U. S. Stat. 1007) for injuries sustained by the plaintiff while acting

as a longshoreman loading a vessel. The defendant is the plaintiff's employer. The negligence alleged is that fellow-workmen in the same employ negligently handled a metal hook, causing the said hook to strike the plaintiff in the right eye. The previous action was brought to recover for the loss of the same eye in the same accident, but there the plaintiff alleged that the injuries occurred through a splinter of wood striking the eye, and the negligence alleged consisted in the failure of the employer to furnish a safe place to work. In the earlier action there was a question of fact, resolved against the plaintiff, as to whether the splinter of wood struck the eye and caused the accident. Judgment was rendered in favor of the defendant upon that issue and was affirmed by the Federal Circuit Court of Appeals on the ground that the evidence did not preponderate in favor of the plaintiff. The opinion of Judge MANTON is reported in 15 Federal Reporter (2d), page 258.

The earlier action, like this action, was brought under the Jones Act, which requires the employer to provide a safe place to work, and which permits recovery in maritime actions for negligence of fellow-employees. The two actions are for the same physical injury, and both are for negligence in causing that injury. The plaintiff could have alleged in the same complaint both specifications of negligence, but even though both forms of negligence existed, the plaintiff would have had only one cause of action for the same physical injury. Two cases, one in this State and one in the United States Supreme Court, seem to determine decisively that the first judgment constitutes a complete adjudication of the controversy. In *Luce* v. *New York, C. & St. L. R. R. Co.* (213 App. Div. 374; affd., 242 N. Y. 519, without opinion) the Appellate Division of the Fourth Department by a vote of three to two decided that a judgment in favor of a railroad in an action by an administratrix to recover under the provisions of the Federal Boiler Inspection Act for the

death of her intestate is *res adjudicata* in an action by the same administratrix against the same railroad to recover under the Federal Employers' Liability Act for the death of the same person. HUBBS, J., wrote the prevailing opinion. CROUCH, J., concurred in the dissenting opinion. I think the opinion of Judge HUBBS accurately sets forth the principles determinative of the question before us when he stated that the plaintiff " could allege as many grounds of liability as she claimed. When she elected to try the case upon one of those grounds and was defeated, she was barred from maintaining another action upon another alleged ground of liability " (p. 378). The dissenting opinion in that case leans heavily upon an earlier decision of the Supreme Court of the United States in *Troxell* v. *Delaware, L. & W. R. R. Co.* (227 U. S. 434). In that case, however, the first action was brought in a State court to recover for violation of a common law right. The second action was brought under the Federal law to recover for a statutory right of action, and the Supreme Court held that the judgment in the first cause of action was not conclusive in the second action, because the first cause of action proceeded upon an election of a common law remedy, and in fact there was no right of election, for there was no right of action under the State law. As a second ground, the court pointed out that in any case there was no identity of parties to the two actions.

In the case of *Baltimore S. S. Co.* v. *Phillips* (274 U. S. 316) the situation presented was that the plaintiff, as in this case, asserted a right of action against the defendant under one provision of the same act after he had been defeated in an action brought under another provision of the same act. The Circuit Court of Appeals (9 Fed. Rep. [2d] 902) held that the second action was not barred by judgment in the first action, again relying heavily upon the *Troxell* case, as did the dissenting judges in the *Luce* case. The Circuit Court of Appeals con-

strued the *Troxell* case as holding that a right of action brought under one statute did not bar a right of action under another statute, and pointed out that, logically, there should be no distinction between causes of action brought under separate statutes, and causes of action under separate provisions embodied in the same statute. Whether that be true or not, the United States Supreme Court reversed the Circuit Court, pointing out that the *Troxell* case rested upon the narrow ground that " The first case was tried and decided exclusively upon the State law, under which law, as this court said, ' there could be no recovery for the negligence of the fellow-servants of the deceased,' and, consequently, that ground, it was said, was not and could not be involved in or concluded by the first action, in other words, as matter of law recovery upon that ground was not open to her in the first action" (p. 323). The appellant seeks to distinguish both the *Luce* case and the *Baltimore S. S. Co.* case on the ground that in both those cases the plaintiff complained of the same acts, while here he complains of different acts, and, therefore, sets forth a different violation of his rights. That contention is completely met by the opinion of the Supreme Court in the *Baltimore S. S. Co.* case, in which it is stated: " A cause of action does not consist of facts, but the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, though they be considered severally or in combination, is the violation of but one right by a single legal wrong."

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.