CONTINENTAL NAT. BANK & TRUST CO. OF CHICAGO, ILL., v. O'NEIL.

No. 5669.

Circuit Court of Appeals, Seventh Circuit.

March 20, 1936.

value of $319,000 among which were the 100 bank shares upon which this suit for alleged liability is now predicated. Appellant is the trustee under the trust, and the bank shares were registered in its name as trustee on the books of the bank on August 29, 1932. The Comptroller determined, on January 21, 1933, that the bank was insolvent and appointed a receiver and, on April 17, 1933, ordered an assessment of stockholders' statutory liability.

A jury trial was waived, and the District Court held that recovery against the trustee bank was proper (despite recovery of judgment against Robbins), from which order appellant appeals.

EVANS, Circuit Judge.

Appellant defends on the ground that appellee previously brought suit and, on February 5, 1934, recovered a default judgment (unsatisfied) in the Federal Court in California against said *George Robbins* for $10,000 on a declaration alleging *him* to be the owner of the said shares of stock, and it also defends on the ground that no assignment of the stock was ever made to it by Robbins.

On July 11, 1932, the wife notified Robbins of default as of June 10, 1932, under the agreement. On November 4, 1932, she served a notice and demand upon appellant as trustee stating arrearages of $19,500 and asked that sufficient cash or security be given her to cover same. As to transfer of ownership of the stock to the bank on its books, the stipulation of facts discloses:

" * * * The Continental * * * forwarded * * * Certificate No. 223 * * * originally issued to George B. Robbins, properly indorsed, and requested the issuance of a new certificate to 'Continental * * * as successor trustee under the trust agreement * * * dated July 1, 1920'. At the time the said stock was forwarded for transfer, a certified photostatic copy of the trust agreement * * * was forwarded. * * * In addition, the letter of transfer * * * certified that the transfer of the said shares did not constitute a sale. On August 29, 1932, there was issued to the defendant * * * Certificate * * * under the name of 'Continental * * * as Successor Trustee under the trust agreement with * * * dated July 1, 1920.'"

Under the terms of the trust agreement, upon the death of the wife, one-third of

Paul M. Godehn, of Chicago, Ill., for appellant.

Norman C. Barry and Francis L. Brinkman, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

This action was instituted by appellee, the receiver of the California National Bank, to recover $10,000 based on appellant's alleged stockholder's liability. On July 1, 1920, one George B. Robbins created a trust, hereinafter more fully described, to secure his payment of $1,500 monthly to his estranged wife. The res of the trust consisted of securities of the

the corpus was to go to her daughter and *two-thirds to Mr. Robbins.* If the daughter predeceased Robbins, he was to get the *whole* corpus. Robbins had the right to collect the income from the securities in trust and to substitute securities of equivalent value. Both these rights were to cease upon default, and the trustee was to collect the income and pay $1,500 monthly to Mrs. Robbins and the remainder to Mr. Robbins. If the income did not suffice to make the payment, the trustee was to make the choice of securities to be sold to cover the deficit.

The suit in California against Robbins, personally, was begun November 3, 1933. The instant action against the trustee was begun December 6, 1933. On February 5, 1934, a default judgment was recovered in the California District Court. The allegations in the two suits in regard to ownership of the stock are:

(a) California suit:

"George B. Robbins was the *owner* of * * * 100 shares. * * * At the time of said suspension all said shares of stock stood * * * and do *now* stand, on the books of said bank *in the name of Cont. Nat. Bk. and Tr. Co. of Chicago as successor Trustee under Trust Agreement* with Geo. B. Robbins and Lillian E. Robbins, dated * * *."

(b) Instant suit:

"Defendant, Continental Illinois National Bank and Trust Company * * * as Successor Trustee under Trust Agreement with George B. Robbins and Lillian E. Robbins * * * and said defendant was one of the *Stockholders* * * * before and at the time of the failure of said Bank. * * *

"Copy of Account Sued On. The defendant, Continental Illinois National Bank and Trust Company * * * as Successor Trustee under Trust Agreement with * * * is indebted to Plaintiff * * * Second Count * * * The California National Bank had a great number of stockholders * * * of which the defendant, Continental * * * as Successor Trustee under Trust Agreement with * * *, * is one * * * That the defendant * * * *as successor Trustee*

under Trust Agreement * * * at the time of said failure * * * *was the owner* and holder of 100 shares * * *."

■ Had appellant been sued in the first instance by appellee, there can be no doubt that, under 12 U.S.C.A. § 66,[1] it would be liable for the judgment, not personally, but to the extent of the corpus of the trust. Should it be released from liability because the receiver first sued the settlor? We think not, for the following reasons:

(1) This suit was instituted before judgment by default was recovered in the suit against Robbins. In fact, it was started about the same time as the California suit.

(2) There can be no estoppel by judgment unless there is identity of parties in the two suits. Bigelow v. Old Dominion Copper Co., 225 U.S. 111, at page 127, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875; Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, at page 443, 33 S.Ct. 274, 57 L.Ed. 586; Aspden v. Nixon, 4 How. 467, 11 L.Ed. 1059.

(3) The two suits were allegedly upon different causes of actions. The instant suit was based upon a trustee's liability under 12 U.S.C.A. § 66. The California suit was brought against the real stockholder under 12 U.S.C.A. § 64. For decisions, see: Annotations re Actual Owner's Liability, note 2 to 12 U.S.C.A. § 64; as to presumption of ownership from fact that name is on book, see note 61.

(4) There was no satisfaction or partial payment of the default judgment so that no tender or restitution could be made by the receiver before suing the trustee. Defendant in the first suit is dead, and there has been no probate of his estate, nor does it appear that there exists an estate to administer.

■ (5) If it be assumed that both the settlor and the trust estate be liable for the assessment, a suit against one alone would not effect a release of the other obligor, and for an additional reason where it appears that one obligor is a non-resident. Bigelow v. Old Dominion Copper Co., 225 U.S. 111, at page 127, 32 S.Ct. 641, 56 L. Ed. 1009, Ann.Cas.1913E, 875. See, also, Kline v. Burke Construction Co., 260 U.S.

---

[1] 12 U.S.C.A. § 66. "Persons holding stock as * * * trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

We can well understand the receiver's perplexity as to who first should be sued to recover the stockholders' double liability. Being in doubt, he pursued the safer course of suing both obligors. It was impossible for him to join both in one suit.

We do not need to determine whether, in view of the peculiar trust arrangement by virtue of which Robbins retained a very large beneficial interest, Robbins would not be primarily liable, or if appellant, the trustee, be primarily liable, whether he would be secondarily liable in the event of a deficiency.

Most of the cases which deny the receiver the right to sue both the trustee and the settlor involve a fact situation where there has been an absolute and irrevocable bona fide conveyance of bank stock to a trustee for the benefit of others, usually minor children. The logic of holding the trust estate solely liable in such a situation seems clear because the settlor-stockholder has parted with all interest in said stock, beneficial as well as legal, and the trustee is thereafter the actual stockholder for the benefit of the cestuis. Our case is a hybrid one—the stockholder *deposited* the trust corpus of $319,000 of securities, including the bank stock, with the trustee under a written trust agreement. By the terms of the trust Robbins had the right to withdraw and substitute equal securities and collect the income over the $1,500 per month. After default these rights were terminated, and the trustee had the right to use the securities in payment of the annuity if the income were not sufficient. There was no provision as to what would happen if the default were vacated.

We conclude that appellant was such a trustee as was contemplated by 12 U.S. C.A. § 66, and it was so registered upon the bank's books. Section 66 does not differentiate between dry and active trusts, so any trust estate would be liable thereunder.

Should it become necessary to determine, therefore, whether the receiver unwittingly released the trustee from its liability under 12 U.S.C.A. § 66, when he instituted the suit against the settlor-stockholder, it must be admitted that appellant is *not without judicial support in its* contention that the receiver, having once asserted by suit the settlor's liability, cannot thereafter change his mind or theory and sue the trustee. The cases are cited in the margin.[2] As above stated, there are several reasons upon which we predicate our

2 In Pottorff v. Dean, 77 F.(2d) 893, 896 (C.C.A. 1), the receiver sued the settlor who irrevocably transferred stock in trust for minor children, reserving no interest. The trust estate was insufficient to meet the liability. The court held the settlor not liable and pointed out that the settlor retained none of the rights of a stockholder and had no interest in the stock. The trustees had in fact given the receiver other stock in discharge of their liability. The court said: "Having accepted it on that basis, and having sold the stock, the receiver is bound by it. He cannot hold both the trustees and Mrs. Dean [the settlor]. * * * He has made his election to hold the trustees on the ground that there was a bona fide transfer to the trustees and that the trust estate was liable under section 66 * * *. He now seeks to recover the full amount of the double assessment of Mrs. Dean under sections 63 and 64, upon the theory that there was no valid transfer to the trustees. He has made no offer to restore the * * * stock, or the proceeds of its sale."

In Yardley v. Wilgus, 56 F. 965, 966 (C. C.1893) W. was registered on the books as owner, but it was stipulated that he was merely trustee for S., the actual owner against whom a judgment had been recovered but was unsatisfied. The court said, "Either Wilgus or Shellenberger could be held for this assessment, but not both. * * * They cannot both be owners. * * * The statute * * * attaches the liability only to 'shareholders.' Upon proof that Wilgus * * * appeared upon the books * * * as· a shareholder, he would be precluded * * * from asserting that he was not * * * a shareholder. * * * [But] in a suit against Shellenberger upon proof that he was the actual owner, it would not avail him to show that the stock stood in the name of another. But * * * it is admitted * * * Wilgus is not a shareholder, and * * * it has been judicially determined * * * that Shellenberger is the real owner. Both by this admission and adjudication we have, therefore, the fact conclusively established that Wilgus is not a shareholder * * * and it follows that he is not * * * liable for the assessment * *."

In Laurent v. Anderson, 70 F.(2d) 819 (C.C.A. 6) an assessment was made against a bank on the theory that being the holder of trustees' participation cer-

decision that the instant suit was properly brought.

Because the suit below was begun before the default judgment was procured, the more important question is not whether there is an estoppel by judgment but whether there is an estoppel by reason of pleadings and choice of defendant. We have quoted the pleadings in the respective suits above, in detail, and we find them reconcilably consistent. In the suit against Robbins it was stated that he was owner, but also that the stock *stood in the name of the appellant as trustee*. In the instant suit it was again alleged that the stock was held in the name of appellant as trustee and stated that it was a stockholder. Appellant was the stockholder of record as trustee, and liable as such under section 66. Robbins was an owner in the sense that he or his heirs had an absolute reversionary interest to the extent of two-thirds of the corpus and a possible reversion as to one-third, and he also had an interest in the income over and above the $1,500, if the income exceeded that amount, and he had the right to substitute securities on deposit with the trustee. This was at least evidence of a conditional ownership.

In both actions the true facts were stated, and the complexity arose because of the legal conception of division of ownership into legal and equitable. Congress apparently realized the possibility of such a situation when in section 66 it specifically provided the trustee should not be personally liable but that the trust estate should be liable. Under sections 63 and 64 12 U.S.C.A., the real owner, Robbins, was personally liable.

Our conclusion is that appellant was liable to the extent of the property by it held in trust, and this liability was not defeated by the California action against Robbins in the absence of proof showing all or part of the liability was satisfied in said action.

The judgment is affirmed.

---

tificates, it was the real and beneficial owner of bank stock. It claimed nonliability because section 66 makes the assets of the trust estate liable. Under the terms of the trust agreement the beneficial owners agreed to assume all liability from the trustee. The court held the bank liable because it was the real owner, having the right to vote, to receive dividends, etc., and pointed out the trustee had only a bare legal title.

See, also, O'Keefe v. Pearson, 73 F. (2d) 673, 97 A.L.R. 1243 (C.C.A. 1) to the same effect.

In Heiden v. Cremin, 66 F.(2d) 943 (C.C.A. 8) defendant was sued as a stockholder and he defended on the ground that he was trustee and such fact appeared on the books. He had conveyed irrevocably the stock to himself in trust for his minor children. The court said the receiver's remedy was solely against the estate, and could not go against the beneficiary. The court said section 66 was to encourage investment in bank stock by trustees by limiting liability.

In McNair v. Darragh, 31 F.(2d) 906, 907 (C.C.A. 8) the defendant was sued and defended on the ground that he held stock as trustee for his minor children. The trust was irrevocable, and the estate received the income. The court said, "* * * such assessment should be against the owner of such stock. * * * The beneficial owner is the one intended by the statute [section 64]. * * * As the only reason suggested here by appellant why appellee should be held personally liable, is the incompetency of the minors, * * * and as section 66 * * * declares trustees not personally liable and declares the trust estate liable to the extent that the beneficiary would be * * * we think the section exactly fits this situation. It is one kind of situation which the statute was enacted to cover."