**TEXARKANA BUS CO., Inc., v. BAKER et al.**

**No. 10779.**

Circuit Court of Appeals, Fifth Circuit.

May 9, 1944.

Rehearing Denied June 22, 1944.

492

Elmer L. Lincoln, of Texarkana, Tex., for appellant.

S. P. Jones and Franklin Jones, both of Marshall, Tex., for appellees.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is a suit for damages resulting when appellant's bus[1] ran over the appellee, Delbert Baker, a minor, near the intersection of Seventh Street and Lucas Street, in Texarkana, .Texas. Delbert Baker, through his next friend, sued for injuries to his person. His father, E. D. Baker, sued for loss of earnings of his minor son. The case was tried to a jury and resulted in a verdict in favor of Delbert Baker for $6,000, and in favor of his father for $1,000. From a judgment entered on the verdict, the Bus Company prosecuted this appeal.

The facts: On the evening of December 10, 1941, Delbert Baker, according to his testimony, left the home of a friend with the intention of boarding a bus to the business section of the city. On arriving at the northwest corner of the intersection of Seventh and Lucas streets, he observed a bus of the appellant, about one hundred eighty feet west on Seventh Street going east. Across Seventh Street from him, and some thirty feet west of the intersection of the two streets, there was located a raised platform of concrete, referred to as an "island," which was used by persons waiting to board the eastbound buses. Seventh Street, over which the bus was traveling, formed a link in several national and state highways, and the traffic thereon was heavy. As the bus approached, it gradually lost speed and swung towards the south curb, apparently to take on passengers waiting on the "island." He stated that he then started across Seventh Street to board the bus, but as he crossed the bus picked up speed, swung away from the "island" out into the street, and, notwithstanding his efforts to avoid it, struck him. He was knocked down, and the rear left wheels (there were two on each side) passed over his right leg .and splintered the bone between the ankle and the knee.

Appellant contended that Delbert Baker negligently ran into the side of the bus. Appellees contended that the driver of the bus was negligent in that he failed to keep a proper look-out, and that the accident was due to his suddenly swinging the bus toward the middle of the street without warning while his attention was focused away from the street and upon the people standing on the "island."

As in most .cases of this kind the evidence is conflicting. The jury saw and heard the witnesses and resolved the question of negligence, as indicated by their verdict, in favor of appellees.

In this Court,. appellant urges:

(1) That the Court below erred in refusing to charge the jury that appellees could recover only in the event they should find that the driver of the bus negligently drove the bus against the plaintiff, Delbert Baker, in the manner described by him.

(2) That the Court below erred in expressing a doubt that the doctrine of unavoidable accident was applicable under the evidence in this case, after charging the jury on the law under the doctrine of unavoidable accident.

(3) That the Court below erred in permitting certain witnesses to relate the substance of conversations with a medical expert, a witness for appellant, had out of its presence, no predicate being made therefor.

[1] Appellant owned and operated buses over the streets of Texarkana, Texas, in the business of transporting passengers for hire.

(4) That the evidence was insufficient to support the verdict in that the weight and preponderance showed Baker guilty of contributory negligence.

1. In refusing to charge the jury that unless the "bus struck him [Delbert Baker] in the manner in which he testified," appellees may not recover, the Court below said: " * * * I don't think it makes any difference where it hit him, if it was the result of the negligence of the operator of this bus, * * * and he was not guilty of negligence."

■ We find no fault with this ruling.

2. Following the charge on unavoidable accident requested by appellant, the Court below added: " * * * But I am suspicious, gentlemen, that under the circumstances described by the testimony in this case, that this injury could not have happened without the negligence of one or both parties to it, and I don't mean by that to intimate any opinion I have about the situation. But it just looks to me like it is that kind of a case, [and] that there is very little room for the doctrine of unavoidable accident."

■ The comment of the Court was permissible under the federal practice. The rule, as stated by the Supreme Court in Doyle v. Union Pacific R. Co., 147 U. S. 413, at page 430, 13 S.Ct. 333, at page 340, 37 L.Ed. 223, is: "It is true that the remarks made by the judge must have indicated to the jury that his own view was against the plaintiff's right to recover; but it has often been held by this court that it is not a reversible error in the judge to express his own opinion of the facts, if the rules of law are correctly laid down, and if the jury are given to understand that they are not bound by such opinion. Baltimore & P. R. Co. v. [Fifth] Baptist Church, 137 U.S. 568, 11 S.Ct. 185 [34 L. Ed. 784]; Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171 [35 L.Ed. 968]."

■ 3. The conversations between the medical expert, a witness for appellant, and certain witnesses for appellees, had out of the presence of appellant and admitted over its objection, had no bearing whatever on the question of negligence or on the quantum of damages. We find it unnecessary to determine whether the conversations should have been excluded. If an error was committed, it was not of such prejudicial nature as to justify a reversal.

■ 4. This Court is not a trier of fact and may not consider if the verdict is against the weight of the evidence.

" * * * The case in the appellate court must be determined, not by considering and weighing conflicting testimony, but upon a decision of the question as to the presence of testimony in the record fairly tending to sustain the verdict." Troxell v. Delaware, etc., R. Co., 227 U. S. 434, 33 S.Ct. 274, 277, 57 L.Ed. 586.

The judgment appealed from is affirmed.