Memorandum by the Court. In Saeli’s action against the Carpenter Corporation and Carpenter he sought damages based on their negligence in causing the collision. He was beaten in that action. It was thereby definitely adjudicated therein on the merits that he was not entitled to recover in negligence from either defendant. Applying the fundamental rule against splitting a cause of action, Saeli could never have sued thereafter on any claim of negligence resulting in this particular collision. (Payne v. New York, S. & W. R. R. Co., 201 N. Y. 436, 440; Luce v. New York, Chicago & St. Louis R. R. Co., 213 App. Div. 374, affd. 242 N. Y. 519; DeCoss v. Turner & Blanchard, Inc., 267 N. Y. 207; Baltimore S. S. Co. v. Phillips, 274 U. S. 316.) Coneededly had there been no adjudication except in Saeli’s action against the two defendants, there would have been lacking mutuality' of estoppel because that verdict might have been rendered on a finding of negligence on the part of Saeli and the defendants. *952 Except for that reason there would have been present, by the adjudication in Saeli’s action, all the requisites for applying the rule of prior adjudication in a subsequent action brought by either defendant to recover his or its damage. However, tried before the same judge, and with the same jury, was Carpenter’s action, in which he sought a recovery for personal injuries from Saeli growing out of this same collision. The jury’s verdict in Carpenter’s favor necessarily determined that Saeli was the sole one at fault for the collision. Since all three were parties to this single trial, took part in it, and since the same evidence furnished the basis for the jury’s findings in each action, it seems almost sophistry to say that by these two actions, it was not definitely and forever determined, since they are both now final adjudications, that the one solely to blanie for this accident was Saeli. Had the Carpenter corporation counterclaimed in Saeli’s action against it and Carpenter for its damage to its vehicle and had the jury on that trial rendered the same verdicts in favor of Carpenter and the corporation in Saeli’s action, and in favor of Carpenter in his action against Saeli, the jury would have been compelled to have found on the corporation’s counterclaim in its favor. In this present action brought by the corporation— for the insurance company as subrogee, stands in its shoes — these prior adjudications are pleaded as an estoppel of record on the issues of negligence and contributory negligence. Saeli’s answer admits the adjudications, ’and by his stipulation he admits the amount of plaintiff’s damage. His answer pleads no affirmative defense which could possibly defeat plaintiff’s right to recover. To permit in this present action a relitigation of the issue of fault, as between the corporation and Saeli, in causing this collision, would be to ignore completely the reality of the situation.
• Judgment and order affirmed, with costs.