RAWLS, Judge.
The dispute between these parties has been fully litigated. In a separate wrongful death action appellee Iris Hodge, as the widow of decedent, was unsuccessful in her action against the Railroad.[1] While the foregoing cause was pending on appeal in this court Iris Hodge, as Administratrix of the Estate of her deceased husband, filed the instant cause against appellant Railroad, invoking the provisions of the Federal Employers Liability Act[2] and the Safety Appliance Act.[3] The cause was tried to a jury which rendered a verdict in favor of appellee in the sum of $195,-200.00. The trial judge granted the Railroad’s motion for new trial upon several grounds which was affirmed in part and reversed in part by this court.[4] The Supreme Court granted certiorari to Iris Hodge, quashed that part of our opinion affirming the trial judge’s order granting a new trial and directed this court “to remand to the trial court with instructions to enter an appropriate judgment on the jury verdict.”[5] Pursuant to our mandate complying with the Supreme Court’s directions, the trial court entered its final judgment for appellee; hence, this appeal by the Railroad on the merits of the trial. We will not again detail the facts, for same may be gleaned from the prior cited cases.
Appellant poses five points, viz.:
1. Did the court err in holding that the verdict and judgment in Case No. 62 — 1966— L is not a bar to this action ?
2. Did the court err in ruling that decedent was, at the time of the fatal accident, an employee, within the meaning of 45 U.S.C. §§ 51-60, employed by defendant in interstate commerce and in not submitting that issue to the jury?
3. Did the court err in charging the jury that decedent “shall not be held to have assumed the risk of his employment” under the facts of this case?
4. Did the court err in the admission of evidence showing a “custom and practice” of Terminal Company employees ignoring crossing signals and charging the jury that such practice “may be deemed” to constitute a waiver of defendant’s “right to expect that its employees would adhere to such safety precaution?”
5. Did the court err in denying defendant’s motion for new trial where evidence affirmatively shows that the verdict is grossly excessive and was motivated by passion, bias, or some other improper motive ?
The points on appeal will be considered separately.
*523 Appellant Railroad vigorously contends that appellee Iris Hodge is estopped to deny jurisdiction of this court by reason of the principles of res adjudicata and estoppel by judgment. In support of this theory, it points out that Mrs. Hodge, in filing the wrongful death action, necessarily elected to treat the factual situation as one where her husband had not yet commenced his employment on the night of his death. The Railroad then reasons that ju-risiction of the trial court in the instant case depends entirely on the legal premise that the wrongful death action was a nullity. In Gordon v. Gordon,[6] the landmark case from this jurisdiction upon the subject of res adjudicata and estoppel by judgment, it is stated:
“The difference which we consider exists between res adjudicata and estoppel by judgment is that under res' adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation.”
The Railroad readily concedes that the defense of res adjudicata is not available because the first and second Hodge cases involve different causes of action.[7] As stated in Gordon, the doctrine of estoppel by judgment is applicable where the judgment in the first suit estops the party from litigating in the second suit. The Railroad insists that Iris Hodge is the same party in each suit. If such was the case, its contention would be well founded. We disagree.
Troxell v. Delaware L. & W. R. Co.[8] is on all fours. The Federal Supreme Court there held that a judgment by a widow in her individual capacity which was prosecuted and tried on the theory that it involved a cause of action under the state law, is not a bar to a subsequent action by the widow as administratrix brought under FELA. In the two causes filed arising out of this accident, the facts are the same but the parties are not the same, and thus Chicago R. I. & P. R. Co. v. Schendel[9] is not in point. Florida law makes a substantive distinction. A recovery by a widow in a wrongful death action inures solely to the benefit of the widow. In an action by an administrator under FELA the estate must maintain the action for the use and benefit of the widow and the minor children. Finally, assuming some other individual or corporate entity other than Mrs. Hodge had been appointed administrator, would estop-pel have been available to the Railroad? We conclude not.
Next, the Railroad contends that the court erred in ruling as a matter of law that decedent was engaged in its employment at *524 the time of his death so as to bring him within the purview of FELA. The undisputed facts are that Hodge was dressed in his work clothes, had in his possession his switchman’s lantern, and had been seen seven minutes prior to the accident on another portion of his employer’s property. These admitted facts fall squarely within the cases of Carter v. Union R. Co. and Erie R. R. v. Winfield.[10] Further, testimony of witnesses concerning the use of a locker room by employees supports the trial judge’s holding as a matter of law that decedent was clearly within the course of his employment at the time he met his death. The point is without merit.
As to the point concerning the instruction by the trial judge “that assumption of risk is no defense to railroad’s negligence”, it is noted that 45 U.S.C. § 54 provides, inter alia:
“ . . . This Act further provides that in any action brought against any common carrier, under or by virtue of any of the provisions of this Act to recover damages for injury to, or the death of, any of its employees, such employees shall not be held to have assumed the risk of his employment in any case where such injury or death resulted, in whole or in part, from the negligence of any of the officers, agents or employees of such carrier.”
The Railroad adduced evidence that decedent, an experienced switchman, had exposed himself to the “risk” and thus we hold that under the evidence the trial judge was justified in giving the charge.[11]
As to appellant’s points 4 and 5, we will not further belabor this opinion other than to hold that, when considered in light of this extensive record, neither point demonstrates such error that would cause reversal.
The judgment is affirmed.
SPECTOR, Chief Judge, and JOHNSON, J., concur.

. Hodge v. Jacksonville Terminal Company, 170 So.2d 481 (1 Fla.App.1965).

. 45 U.S.C. §§ 51-60.

. 45 U.S.C. § 9.

. Hodge v. Jacksonville Terminal Company, 222 So.2d 483 (1 Fla.App.1969).

. Hodge v. Jacksonville Terminal Company, 234 So.2d 645 (Fla.1970); cert. denied 400 U.S. 904, 27 L.Ed.2d 141, 91 S.Ct. 142 (1970).

. Gordon v. Gordon, 59 So.2d 40, 44 (Fla. 1952) ; cert. denied 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).

. We note that appellant Railroad attempts to recede from this position in its reply brief. As stated in Appelman’s Approved Appellate Briefs (1958), § 6.15:
“Appellant’s Reply Brief—Limitations Upon Reply Briefs
“ . . . One can restate his original position succinctly and reemphasize it in the court’s mind .
“He [appellant] may not, of course, advance new arguments . . . ”
Also see Seaboard Coast Line Railroad Co. v. Industrial Contracting Company, Inc., Case No. 71-16, opinion filed March 9, 1972 (4 Fla.App.1972), not yet reported.

. Troxell v. Delaware L. & W. R. Co., 227 U.S. 434, 57 L.Ed. 586, 33 S.Ct. 274 (1913).

. Chicago R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 70 L.Ed. 757, 46 S.Ct. 420 (1926).

. Carter v. Union R. Co., 438 F.2d 208 (3 Cir. 1971) ; and Erie R. R. v. Winfield, 244 U.S. 170, 61 L.Ed. 1057, 1065, 37 S.Ct. 556 (1917).

. Atlantic C.L.R. Co. v. Burkett, 192 F.2d 941 (5 Cir. 1951).